THE STATE EX REL. EVANS, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236.]

(No. 90–2480—Submitted April 14, 1992—Decided July 22, 1992.)

*Robert B. Liss,* for appellee.

*Lee I. Fisher,* Attorney General, and *Jeffery W. Clark,* for appellant Industrial Commission.

*Bruce L. Hirsch,* for appellant Personnel Pool of Columbus, Inc.

---

WRIGHT, J. The appropriate form of postadministrative relief from an Industrial Commission decision depends on whether that decision determines an employee's right to participate in the State Insurance Fund. Under R.C. 4123.519, an employer or claimant can appeal only those decisions that involve a claimant's right to participate or to continue to participate in the fund. *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. If a claimant can appeal under R.C. 4123.519, the claimant is not entitled to a writ of mandamus because he or she has an adequate remedy available at law.[2] *State ex rel. O.M. Scott & Sons Co. v. Indus. Comm.* (1986), 28 Ohio St.3d 341, 343, 28 OBR 406, 408, 503 N.E.2d 1032, 1034; *State ex rel. Benton v. Columbus & Southern Ohio Elec. Co.* (1968), 14 Ohio St.2d 130, 43 O.O.2d 238, 237 N.E.2d 134, paragraph one of the syllabus. In this case, the commission decided that the claimant was not entitled to compensation because his injury was substantially aggravated by an intervening non-work accident. As a threshold matter, we are required to determine whether that decision involved the claimant's right to participate or to continue to participate in the State Insurance Fund.

The right to participate in the fund has been defined in numerous cases. See, *e.g., Gilbert v. Midland–Ross Corp.* (1981), 67 Ohio St.2d 267, 21 O.O.3d 168, 423 N.E.2d 847; *Zavatsky v. Stringer* (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693; *Reeves v. Flowers* (1971), 27 Ohio St.2d 40, 56 O.O.2d 22, 271 N.E.2d 769. Today, we again attempt to define the circumstances under which a decision involves the right to participate. An Industrial Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim. *Afrates v. Lorain, supra,* 63 Ohio St.3d at 27, 584 N.E.2d at 1179, followed.

---

2. In order to establish a right to a writ of mandamus, a relator must demonstrate: (1) that he has a clear legal right to the relief prayed for; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. O.M. Scott & Sons Co., supra,* at 342–343, 503 N.E.2d at 1034; *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus.

Certain decisions obviously do not involve the claimant's right to participate. In *Afrates v. Lorain,* for example, the commission granted the employer leave to file an objection to the employee's application for benefits. This decision " * * * was simply a ruling on the motion filed by the city requesting a determination whether it had received notice of the April 1987 provisional order" and did not involve the employee's right to participate in the State Insurance Fund. *Id.* At the other extreme, some decisions clearly determine an employee's right to participate in the fund. See, *e.g., State ex rel. Consolidation Coal Co. v. Indus. Comm.* (1985), 18 Ohio St.3d 281, 18 OBR 333, 480 N.E.2d 807 (a decision that the Industrial Commission has continuing jurisdiction over a claim because the claimant acted within the time frame mandated in R.C. 4123.52 is appealable); *Keels v. Chapin & Chapin, Inc.* (1966), 5 Ohio St.2d 112, 34 O.O.2d 249, 214 N.E.2d 428 (a decision that a claimant's disability is not the result of a work-related accident is appealable).

It is less obvious whether the Industrial Commission determines an employee's right to participate when it decides that a compensable accident is not the cause of a later injury. An employee may suffer several periods of disability from relapses or aggravation of injuries from an initial work-related accident. When symptoms recur, the employee files an application to reactivate benefits under the original claim number. R.C. 4123.52 and Ohio Adm.Code 4121–3–15(B). At times, the commission will decide, as it did in this case, that the later period of disability was not caused by a work-related accident.

This court has previously addressed the claimant's right to appeal in similar situations. See *Gilbert v. Midland–Ross, supra; State ex rel. Roope v. Indus. Comm.* (1982), 2 Ohio St.3d 97, 2 OBR 649, 443 N.E.2d 157. See, also, *Cook v. Mayfield* (1989), 45 Ohio St.3d 200, 203, 543 N.E.2d 787, 791. In *Gilbert v. Midland–Ross,* the claimant (Gilbert) injured his back while in the employ of Midland–Ross Corporation and received temporary total disability benefits under his workers' compensation claim. He then returned to work for a successor corporation and reinjured his back eleven days later. Gilbert filed a new claim against the successor employer, and sought to reactivate his previous claim against Midland–Ross. The Industrial Commission reactivated Gilbert's benefits under the existing claim, but refused Gilbert's appeal on the new claim. The parties eventually settled the new claim, and the only decision appealed to this court was the commission's decision to reactivate Gilbert's previous claim. This court held that "[a] decision to reactivate a previously allowed claim now dormant, when there has been an intervening trauma, is, in effect, a decision going to claimant's right to participate in the fund for an injury or impairment not previously claimed or passed upon and is appealable." *Gilbert, supra,* at paragraph two of the syllabus.

In *State ex rel. Roope v. Indus. Comm., supra,* an employee aggravated an existing back injury at work and received temporary total disability compensation. Approximately ten months later, he felt a sharp pain in his back while starting his lawnmower, and filed a motion for additional compensation (in effect, an application to reactivate benefits). This court held that Roope could not appeal the commission's denial of his motion because "[a] decision of the Industrial Commission to grant or deny additional compensation for a previously allowed claim, when there is no intervening trauma but merely aggravation of a previously existing condition, is a decision which goes to a claimant's extent of disability, and is not appealable. * * * " *Id.* at syllabus. Our opinion distinguished *Roope* from *Gilbert* based on the fact that Roope's injury was exacerbated at home, while Gilbert was injured in two work-related accidents.

In the case currently before us, the court of appeals applied the factual distinction set forth in *State ex rel. Roope v. Indus. Comm.* to this case, and held that the commission's decision was not appealable because it was a decision as to the extent of disability. At this time, we wish to clarify that the factual distinction that was made in *Roope* does not control the form of the claimant's postadministrative relief. As we emphasized earlier, an Industrial Commission decision is appealable if the decision is a final denial or grant of compensation for a particular claim. It is this test, and not the factual distinction made in *Roope,* that controls whether a decision is subject to appeal pursuant to R.C. 4123.519.

The Industrial Commission's refusal to reactivate benefits under an existing claim does not finalize the disallowance of the employee's claim because that decision does not foreclose all future compensation under that claim.[3] For this reason, the Industrial Commission's decision to deny or grant additional benefits under a previous claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to R.C. 4123.519. *Gilbert v. Midland–Ross, supra,* is hereby overruled to the extent it is inconsistent with this opinion.

In this case, the commission did more than simply refuse to grant additional benefits for a specified time period. The hearing officer denied both temporary total disability benefits after December 30, 1986 and "medical bills incurred after 1–8–87." We understand this order to permanently foreclose

---

3. The Industrial Commission retains continuing jurisdiction over a worker's claim for at least six years from the date of injury. R.C. 4123.52. During that period, a worker may apply to reactivate benefits under a earlier claim if the injury recurs. *Id.;* Ohio Adm.Code 4121–3–15(B). If the application to reactivate benefits is denied, the claimant is not foreclosed from filing subsequent applications each time the injury recurs.

Evans from receiving any further benefits under the claim he filed for the original accident that occurred at work on October 7, 1986. This flat prohibition of any future benefits determines the claimant's right to participate in the State Insurance Fund and is subject to appeal pursuant to R.C. 4123.519. Because Evans could have appealed this decision, he had an adequate remedy at law, and thus he is not entitled to a writ of mandamus. The judgment of the court of appeals is reversed and the complaint in mandamus is dismissed.

*Judgment reversed
and complaint dismissed.*

MOYER, C.J., HOLMES and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I respectfully dissent, and would instead affirm the court of appeals' decision to grant a writ of mandamus. This case clearly involves a decision of the Industrial Commission which goes to the extent of disability. Therefore, the decision is not appealable pursuant to R.C. 4123.519.

The majority cites the relevant case law, *i.e.*, *State ex rel. Roope v. Indus. Comm.* (1982), 2 Ohio St.3d 97, 2 OBR 649, 443 N.E.2d 157; and *Gilbert v. Midland–Ross Corp.* (1981), 67 Ohio St.2d 267, 21 O.O.3d 168, 423 N.E.2d 847, but then comes to a conclusion that defies logic. Today, a majority of this court state that "[t]he Industrial Commission's refusal to reactivate benefits under an existing claim does not finalize the disallowance of the employee's claim because that decision does not foreclose all future compensation under that claim." This has always been true. However, some decisions of the commission are appealable if they go to the right to participate. Any decision regarding a new claim being filed under the prior allowed claim clearly goes to the extent of disability as opposed to the right to participate. Hence, it is not appealable. There is no need to further confuse this area of the law by revising *Gilbert*. *Gilbert* is not relevant to the present situation. Rather, from a purely factual standpoint, the present case is more akin to *Roope, supra*. Herein, as in *Roope*, an employee was awarded compensation for a work-related injury, and later incurred a nonwork-related injury. Yet, the majority utilizes the instant case to overrule *Gilbert*, a case that is factually distinguishable from the case now before this court. In *Gilbert*, the injured employee was awarded compensation, but later suffered another work-related injury. Therefore, this court is currently confronted with a *Roope* -type case, and *not* a *Gilbert*-type case.

In *Cook v. Mayfield* (1989), 45 Ohio St.3d 200, 543 N.E.2d 787, we compared and contrasted the holdings of *Gilbert* and *Roope*, stating as follows:

" * * * In *Gilbert,* we stated, at paragraph two of the syllabus, that '[a] decision to reactivate a previously allowed claim now dormant, when there has been an intervening trauma, is, in effect, a decision going to claimant's right to participate in the fund for an injury or impairment not previously claimed or passed upon and is appealable.'

"In *Roope,* again the focus was on intervening trauma. 'A decision of the Industrial Commission to grant or deny additional compensation for a previously allowed claim, when there is no intervening trauma but merely aggravation of a previously existing condition, is a decision which goes to a claimant's extent of disability and is not appealable. * * *' *Id.* at the syllabus.

"Appellants herein correctly point out that this court, in *Roope,* distinguished between an intervening industrial injury or trauma occurring at work and an aggravation of a previously existing condition occurring at home. In *Roope,* the claimant, when starting his lawnmower at home, appeared to have aggravated a preexisting condition for which he had received temporary total disability compensation. The claimant filed a motion under his old claim number requesting that he receive temporary total disability payments for the time he was unable to work subsequent to the lawnmower incident. The commission denied the motion. On appeal to our court, we stated that the decision was as to the extent of disability. We distinguished this case from *Gilbert,* where ' * * * the claimant suffered an injury at work after returning from a period of disability for a previous work-related injury. He filed a new claim for the second injury and sought to reactivate the earlier claim. * * *' *Roope, supra* [2 Ohio St.3d], at 100, 2 OBR at 651, 443 N.E.2d at 159, fn. 1. In *Roope,* there were not two separate work-related accidents, as there were in *Gilbert;* instead, the claimant was seeking a determination that the previous injury was more serious than originally thought. Thus, this court found that claimant's attempt to receive additional compensation for the earlier compensable injury was one as to the extent of disability." (Emphasis omitted.) *Cook v. Mayfield, supra,* 45 Ohio St.3d at 203, 543 N.E.2d at 791.

The court of appeals' findings of fact and conclusions of law, as adopted from the referee's report, correctly stated that "this action is controlled by the *Roope* decision and therefore relator did not have the right to appeal the commission's denial of compensation and benefits based upon an intervening accident. The May 31, 1987 order of the district hearing officer clearly sets forth sufficient findings for this court to determine that the decision was entirely one as to the extent of disability. * * * The district hearing officer found that the intervening accident was ' * * * non-work related * * *' in contrast with the situation in *Gilbert.*"

On this basis, the court of appeals correctly found that relator Evans does not have a plain and adequate remedy at law by way of appeal under R.C. 4123.519, which would bar this action in mandamus. I respectfully dissent, and in following this court's prior holdings in *Roope* and *Cook,* I would allow the writ.

SWEENEY and DOUGLAS, JJ., concur in the foregoing dissenting opinion.