OPINION
Plaintiff-appellant David Roosa appeals the October 17, 1997 Judgment Entry of the Stark County Court of Common Pleas which dismissed his Notice of Appeal and Complaint for lack of jurisdiction. Alliance Tubular Products, Inc., et. al., are defendants-appellees (hereinafter "appellee").
 STATEMENT OF THE CASE AND FACTS
On or about May 20, 1996, appellant suffered a work related injury while working for appellee. Appellant filed a Workers' Compensation claim for the injury, which was assigned Claim No. 96-396012. Appellant's claim was allowed for the condition of "sprain, left shoulder." Appellant received both medical treatment and compensation for his claim.
On or about November 4, 1996, appellant was involved in a motor vehicle accident. Prior to the accident, appellant's left shoulder pain had improved significantly to the point he was prepared to return to work. After the accident, appellant's condition worsened and his medical treatment increased in intensity and frequency.
On January 30, 1997, appellee filed a motion with the Industrial Commission requesting termination of appellant's medical treatment due to the intervening motor vehicle accident. Specifically, the motion requested payment of physical therapy bills and office visits after November 4, 1996, be denied.
Appellee's motion was heard by a District Hearing Officer, who issued, in pertinent part, the following order:
 It is the order of the District Hearing Officer that the employer's C-86 filed 1/30/1997, is granted to the extent of this order.
 The Hearing Officer finds that claimant sustained a nonindustrial intervening injury on 11/4/1996 when he was involved in a motor vehicle accident. The claimant testified that he was involved in a motor vehicle accident and his left shoulder symptoms increased following this accident. Prior to the motor vehicle accident the claimant stated that he felt he was improving and after the motor vehicle accident he felt he had returned to "ground zero."
 Based upon the claimant's testimony at hearing regarding the 11/04/1996 motor vehicle accident, the office notes of Dr. Kolasky and his responses to the employer's questionnaire dated 12/12/1996, and the 01/06/1997 report of Dr. Flannigan, the Hearing Officer finds the claimant sustained a nonindustrial intervening injury which breaks the chain of causation for the injury upon which this claim is predicated.
 Accordingly, payment for physical therapy treatments and office visits with Dr. Kolasky on or after 11/04/1996, authorization for further medical treatment, and authorization of an MRI of the left shoulder are denied.
 The Self-Insured employer is hereby ordered to comply with the above findings.
(Emphasis added).
Appellant appealed the District Hearing Officer's decision. A Staff Hearing Officer of the Industrial Commission denied that appeal on April 9, 1997. Appellant filed a Notice of Appeal of the Staff Hearing Officer's decision with the Industrial Commission. The Industrial Commission refused to hear appellant's appeal via Order mailed April 26, 1997. Thereafter, appellant filed his Notice of Appeal and Complaint in the Stark County Court of Common Pleas.
Appellee filed a Motion to Dismiss in the trial court claiming the trial court lacked jurisdiction under R.C. 4123.512. On October 17, 1997, the trial court filed its Judgment Entry granting appellee's Motion to Dismiss.
It is from that judgment entry appellant prosecutes this appeal assigning as error:
 I. DID THE COURT OF COMMON PLEAS ERR IN DETERMINING THAT A DECISION TERMINATING MEDICAL TREATMENT AS A RESULT OF INTERVENING INJURY WAS NOT AN ISSUE INVOLVING THE WORKER'S RIGHT TO PARTICIPATE?[1]
R.C. 4123.512(A) provides, in pertinent part:
 The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 [4523.51.1] of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas . . .
In State ex rel. Evans v. Indus. Comm. (1992), 64 Ohio St.3d 236, the Ohio Supreme Court reviewed whether the following order involved a question going to extent of disability:
 "* * * It is the finding of the District Hearing Officer that the claimant suffered an intervening injury on or about 1-1-87, when he slipped and fell on ice. (See 1-8-87 Emergency Room Report.) It is further the finding of the District Hearing Officer that the intervening injury substantially aggravated the claimant's pre-existing lumbosacral strain. That finding is based on the apparent lack of medical treatment from 10-30-86 through 1-8-87.
 "Therefore, medical bills incurred after 1-8-87 are denied."
 Id. at 237
The Ohio Supreme Court held this order involved the claimant's right to participate in the Workers' Compensation Fund and; therefore, was appealable under R.C. 4123.519 (now R.C. 4123.512). The Court stated:
 In this case, the commission did more than simply refuse to grant additional benefits for a specified time period. The hearing officer denied both temporary total disability benefits after December 30, 1986 and "medical bills incurred after 1-8-87." We understand this order to permanently foreclose Evans from receiving any further benefits under the claim he filed for the original accident that occurred at work on October 7, 1986. This flat prohibition of any future benefits determines the claimant's right to participate in the State Insurance Fund and is subject to appeal pursuant to R.C. 4123.519. * * *
 Id. at 240-241.
We find the case sub judice is closely analogous to Evans. As did the Ohio Supreme Court in Evans, we understand the District Hearing Officer's order herein to permanently foreclose appellant from receiving, at a minimum, any further medical benefits after November 4, 1996. Arguably, the District Hearing Officer's finding that the non-industrial intervening injury breaks the chain of causation for the recognized industrial injury would also permanently foreclose appellant from receiving compensation benefits.
Based upon the rational expressed in Evans, we find the District Hearing Officer's order determines appellant's right to participate in the State Insurance Fund and is subject to appeal. Accordingly, we sustain appellant's assignment of error.
The judgment of the Stark County Court of Common Pleas is reversed and the matter remanded to that court for further proceedings.
By: Hoffman, J. and Gwin, J. concur.
Farmer, P.J. dissents.
[1] Appellant did not specifically list an assignment of error, but the above quotation is listed as the issue presented for review in appellant's brief.