ACCELERATED JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, oral argument and the briefs of counsel. Patricia Ballinger, plaintiff-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, General Division, Case No. CV-378668, in which the trial court granted the motion to dismiss filed by the Administrator, Bureau of Workers' Compensation, defendant-appellee, due to the lack of subject matter jurisdiction. Plaintiff-appellant assigns a single error for this court's review.
Plaintiff-appellant's appeal is not well taken.
On January 20, 1990, plaintiff-appellant sustained an injury to her back arising during the course and scope of her employment at the Warrensville Developmental Center. The injury was described as a back strain. Plaintiff-appellant's subsequent workers' compensation claim was approved by defendant-appellee. Plaintiff-appellant received various benefits including payment of medical bills, payment of temporary total disability benefits and payment for permanent partial disability benefits found to be causally related to the recognized injury.
On January 24, 1997, plaintiff-appellant filed a request for approval of medical treatment as causally related to the previously recognized injury. Plaintiff-appellant sought a TENS unit and spinal blocks for treatment of chronic back pain. On April 9, 1997, defendant-appellee denied the request based upon the stated opinion of a reviewing physician who determined that In my medical opinion, the claimant suffered a soft tissue injury to the back on 1-29-90 . . . from which she completely recovered allowing her to return to work. In my medical opinion the claimant's present symptoms are not due to the injury of 1-29-90 but most likely due to degenerative disease of the spine the normal aging factor.
Plaintiff-appellant subsequently appealed from the denial of requested benefits without administrative success. On March 2, 1999, the underlying appeal was filed with the Cuyahoga County Court of Common Pleas. On June 8, 1999, defendant-appellee filed a motion to dismiss plaintiff-appellant's appeal pursuant to Civ.R. 12(B)(1) due to lack of subject matter jurisdiction. Defendant-appellee maintained that plaintiff-appellant's complaint was barred by R.C. 4123.512 which precludes an appeal from a decision of the Industrial Commission relating to questions of extent of disability. Defendant-appellee argued that plaintiff-appellant's complaint essentially challenged the extent of disability caused by the previously allowed back condition rather than the right to participate in the workers' compensation fund.
On September 20, 1999, the trial court granted defendant-appellee's motion to dismiss through the following entry:
 Defendant's June 8, 1999 Motion to Dismiss pursuant to Civ.R. 12(B)(1) due to lack of subject matter jurisdiction is well-taken and is granted. Ohio Revised Code Section 4123.512 provides in pertinent part that [t]he claimant or the employer may appeal a decision of the Industrial Commission . . . in an injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas. Courts have consistently construed the foregoing statute to mean that only decisions reaching an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable. See Felty v. ATT Technologies (1992), 65 Ohio St.3d 234; State, ex rel Evans v. Indus. Comm. (1992), 64 Ohio St.3d 236, 238-40 (holding that a decision by the Industrial Commission allowing or denying additional compensation for a previously allowed condition, when there is no new condition, goes to the extent of the injury and is therefore not appealable). [Additional citations omitted]. Moreover, case law clearly sets forth the well-settled rule that an appeal to the common pleas court is limited to one decision; to-wit, whether an employee is or is not entitled to be compensated for a particular claim. A decision by the commission to allow or deny additional compensation for a previously allowed condition when there is no new condition is not appealable because it goes to the extent of the injury — there is no new claim. Felty, supra (citing to State, ex rel. Roope v. Indus. Comm. (1982), 2 Ohio St.3d 97).
 Applying the foregoing case law to the facts of the instant case, this Court holds that the Industrial Commission's finding below does not deny Plaintiff the right to participate in the benefits of the workers compensation fund for the condition of back strain; rather, the challenged finding goes only to the extent of Plaintiff's disability caused by that condition. As such, this Court lacks subject matter jurisdiction over Plaintiff's claims due to the fact that issues pertaining to extent of disability are not appealable under Ohio Revised Code Section 4123.512. FINAL.
(Emphasis in original.)
It is from this order that plaintiff-appellant now appeals.
Plaintiff-appellant's sole assignment of error states:
 I. THE TRIAL COURT ERRED IN FINDING PLAINTIFF'S APPEAL INVOLVED AN EXTENT OF DISABILITY ISSUE.
Plaintiff-appellant argues, through her sole assignment of error, that the trial court improperly determined that it did not have subject matter jurisdiction over the underlying matter. Specifically, plaintiff-appellant maintains that the decision by the Industrial Commission in this case did not merely pertain to the extent of her disability, as the trial court determined, but rather, terminated plaintiff-appellant's right to participate in the workers' compensation fund for the previously recognized back injury and is, therefore, appealable under the former R.C.4123.519, now R.C. 4123.512(A).[1]
As the trial court correctly stated, R.C. 4123.512(A) provides that the claimant or the employer may appeal to the common pleas court from a decision of the Industrial Commission in an injury or occupational disease case, other than a decision as to the extent of the claimant's disability. In State ex rel. Evans v. Industrial Commission of Ohio (1992), 64 Ohio St.3d 236, 594 N.E.2d 609, the Ohio Supreme Court, in dealing with a similar issue, stated in paragraph two of the syllabus:
 The Industrial Commission's decision to grant or deny additional benefits under an existing claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to R.C. 4123.519. (Gilbert v. Midland-Ross Corp. [1981], 67 Ohio St.2d 267, 21 O.O.3d 168, 423 N.E.2d 847, overruled to the extent inconsistent herewith.)
See, also, Felty v. ATT Technologies (1992), 65 Ohio St.3d 234,602, N.E.2d 1141; Daniels v. Bethesda Hospital, Inc. (1997),121 Ohio App.3d 272, 275, 699 N.E.2d 964, 967. In Thomas v. Conrad (1998), 81 Ohio St.3d 475, 478, 692 N.E.2d 205, 208, the Ohio Supreme Court determined that a reviewing court must look to the issue before the Industrial Commission and the nature of its order * * * to determine whether the order is appealable under R.C.4123.512.
In the case herein, a review of the decision by the Industrial Commission demonstrates that it involved the issue of whether additional benefits should have been approved under the previously allowed 1990 claim for a back strain. Pursuant to Evans, supra, it is apparent that such a decision does not determine the worker's right to participate in the State Insurance Fund. Clearly, in this instance, plaintiff-appellant sought coverage for further medical procedures related to her approved seven-year-old claim. Therefore, the determination related to the extent of plaintiff-appellant's disability, not plaintiff-appellant's right to participate in the State Insurance Fund. Accordingly, the trial court's determination that it did not possess subject matter jurisdiction over the instant appeal pursuant to R.C. 4123.512 was appropriate.
Plaintiff-appellant's sole assignment of error is not well taken.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________ MICHAEL J. CORRIGAN, JUDGE
SPELLACY, P.J., CONCURS. BLACKMON, J., DISSENTS. (See attached Dissenting Opinion.)
[1] Former R.C. 4123.519 was amended and renumbered as R.C.4123.512, effective 10-20-93.
 DISSENTING OPINION