I respectfully dissent from the majority's decision, that affirmed the trial court's Civ.R. 12(B)(6) dismissal of Ballinger's workers' compensation appeal on the grounds that it lacks jurisdiction.
Appellate courts review the grant or denial of a Civ.R. 12(B)(6) motion de novo. Byrd v. Faber (1991), 57 Ohio St.3d 56,565 N.E.2d 584. Under a de novo review, this Court must accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the non-moving party. Id. In order to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond a reasonable doubt from the face of the nonmovant's complaint that the nonmovant's facts cannot sustain recovery. Tulloh v. Goodyear Atomic Corp. (Ohio 1992) 62 Ohio St.3d 541,584 N.E.2d 729.
In the instant case, Ballinger's complaint alleged Ballinger applied for additional treatment of a recognized condition. Additionally, the complaint quotes the language of the Industrial Commission's order denying her application based on a lack of a causal connection to the original injury or her existing claim. Importantly, her complaint alleges the Industrial Commission order effectively terminated her right to participate under her existing claim. Consequently, the question for this Court is whether, in granting the BWC Administrator's Civ.R. 12(b)(6) motion, the trial court properly determined that Ballinger's complaint raised an extent of disability issue, which it lacked jurisdiction to consider pursuant to R.C. 4123.512.
R.C. 4123.512 precludes workers' compensation appeals to the court of common pleas when the issue is an employee's extent disability claim. Accordingly, the only action by the Industrial Commission that is appealable under R.C. 4123.512 is the decision to grant, deny, or terminate an employee's participation or continued participation in the workers' compensation system. Felty v. ATT Technologies, Inc. (1992) 65 Ohio St.3d 234,602 N.E.2d 1141; State ex rel. Evans v. Indus. Comm. of Ohio (1992),64 Ohio St.3d 236, 594 N.E.2d 609; Harper v. Orlando Baking Co. (May 7, 1998), Cuyahoga App. No. 72629, unreported. Once the right of participation for a specific condition is determined, no subsequent rulings, except a ruling that terminates the right to participate, are appealable. Id. at 240. (Emphasis on original).
An order terminates an employee's right to participate when the order permanently forecloses the employee from receiving any further benefits under the recognized claim. Id. at 239. Ordinarily, an order regarding payment or authorization of specific medical treatment deals with the extent of the employee's disability and does not foreclose the employee from receiving further compensation under the recognized claim.
However, a paradoxical situation arises when the Industrial Commission denies an employee additional medical treatment or compensation for a recognized condition based on medical reports that opine the current complaint is not causally related to the recognized condition. This type of order deals with the extent of the employee's disability, but, depending on the underlying circumstances, it may very well terminate the employee's right to continued participation in the system. See Daniels v. Bethesda Hospital, Inc. (1997), 121 Ohio App.3d 272, 276-277,699 N.E.2d 964, 967 (remanding case to commission for clarification of the effect of its order denying benefits as not related to original claim; cert. denied (1997), 80 Ohio St.3d 1426, 685 N.E.2d 239).
The Supreme Court's holding in Felty appears to preclude an employee from challenging such a denial in the court of common pleas because there is no new or intervening injury. In Felty, the Supreme Court stated that a decision by the commission to allow or deny additional compensation for a previously allowed condition when there is no new condition [or intervening trauma] is not appealable, because it goes to the extent of the injury. Felty at 240, 602 N.E.2d at 1146. At the same time, however, the Supreme Court just as clearly recognized the right to appeal an order that effectively terminated the claimant's right to continued participation under an existing claim. The court stated [o]nce the right of participation for a specific condition is determined, no subsequent ruling, except a ruling that terminates the right to participate, are appealable. Id.
The instant case falls into this paradox. In Ballinger's case, it appears that the Commission did more than simply refuse to grant additional benefits. Evans, supra at 241, 594 N.E.2d 613. The Industrial Commission's order effectively terminated Ballinger's right to continued participation in the workers' compensation system under her existing claim; therefore, under Felty, and Evans, Ballinger may prosecute her appeal in the court of common pleas. Consequently, she has sufficiently shown facts to overcome a Civ.R. 12(B)(6) motion; accordingly, I would remand to the trial court for trial.