The STATE of Ohio ex rel. LETO

v.

INDUSTRIAL COMMISSION OF OHIO et al.

[Cite as *State ex rel. Leto v. Indus. Comm.*, 180 Ohio App.3d 17, 2008-Ohio-7056.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–1079.

Decided Dec. 11, 2008.

**18**

Ward, Kaps, Bainbridge, Maurer & Melvin and Christopher J. Yeager, for relator.

Nancy H. Rogers, Attorney General, and Stephen D. Plymale, Assistant Attorney General, for respondent Industrial Commission of Ohio.

Lee M. Smith & Associates, Benjamin W. Crider, and Lee M. Smith, for respondent Ohio Department of Transportation.

---

KLATT, Judge.

{¶ 1} Relator, Sandra M. Leto, commenced this original action in mandamus seeking an order compelling respondent Industrial Commission of Ohio ("commission") to make an award on behalf of relator's deceased husband, Ronald J. Leto ("the decedent"), for the functional loss of use of all four of the decedent's extremities.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as an appendix.) The magistrate found that the commission's order denying the requested award did

not raise a "right-to-participate issue" because the denial did not determine the decedent/relator's right to participate in the workers' compensation system. Therefore, the commission's order is not appealable pursuant to R.C. 4123.512 and this court has subject-matter jurisdiction in mandamus. The magistrate also found that the issue raised by relator is ripe for consideration by this court in mandamus because decedent/relator's underlying claim has been allowed. The fact that the allowance has been appealed is immaterial because once the claim has been allowed, relator can seek medical benefits and other compensation. Moreover, employers and the commission have a statutory remedy in the event the claim allowance is reversed on appeal. Lastly, the magistrate found that the commission abused its discretion when it determined that the one-year statute of limitations set forth in R.C. 4123.60 barred relator's request for a functional-loss-of-use award. Because there is no dispute that the decedent lost the functional use of both his arms and legs as a result of injuries he sustained in connection with his allowed claim, the magistrate has recommended that we issue a writ of mandamus ordering the commission to make an award to relator for the decedent's functional loss of use of all four extremities pursuant to R.C. 4123.57(B).

{¶ 3} The commission asserts three objections in support of its contention that contrary to the magistrate's recommendation, a writ of mandamus should be denied. First, the commission contends that this mandamus action is not ripe because there is a pending appeal of the allowance of decedent/relator's underlying claim. Relying on R.C. 4123.512(H) and *State ex rel. Saunders v. Indus. Comm.*, 101 Ohio St.3d 125, 2004-Ohio-339, 802 N.E.2d 650, at ¶ 18–21, the commission argues that because the commission cannot stay the payment of compensation for periods of total disability, the commission must stay the payment of compensation for a scheduled partial functional-loss-of-use award. Therefore, the commission asserts that this mandamus action is not ripe. We disagree.

{¶ 4} Neither R.C. 4123.512(H) nor *Saunders* require that the commission stay a partial disability award. As noted by the magistrate, when a claim has been allowed, a claimant has the right to seek medical benefits and other compensation even though the employer may have appealed the allowance of the claim. Employers and the commission have a statutory remedy in the event the claim allowance is reversed on appeal. Because the commission was not required to stay the award, this mandamus action is ripe. Therefore, we overrule the commission's first objection.

{¶ 5} Second, the commission argues that the denial of an award based upon the one-year statute of limitations in R.C. 4123.60 involves a right-to-participate issue. In turn, the procedural vehicle for challenging a right-to-

participate issue is an appeal to the common pleas court pursuant to R.C. 4123.512. Therefore, the commission asserts that relator is not entitled to relief in mandamus, because she has an adequate remedy at law. We disagree.

{¶ 6} It is undisputed that the commission specifically based its decision on the statute of limitations contained in R.C. 4123.60. As counsel for relator points out, R.C. 4123.60 expressly prohibits an appeal to the court under R.C. 4123.512. Therefore, contrary to the commission's assertion, relator does not have an adequate remedy at law. Accordingly, we overrule the commission's second objection.

{¶ 7} Lastly, the commission argues that the one-year statute of limitations contained in R.C. 4123.60 bars relator's functional-loss-of-use award. R.C. 4123.60 states:

> If the decedent would have been lawfully entitled to have applied for an award at the time of his death the administrator may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the administrator determines in accordance with the circumstances in each such case, but such payments may be made only in cases in which application for compensation was made in the manner required by this chapter, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person.

{¶ 8} According to the commission, because relator could have applied for the functional-loss-of-use award at the time of the decedent's death (even though the claim had not been allowed at that point), her failure to file for the award within one year after the decedent's death bars her from receiving an award under the one-year statute of limitations contained in R.C. 4123.60. Again, we disagree.

{¶ 9} The resolution of this issue turns on the meaning of the phrase "[i]f the decedent would have been lawfully entitled to have applied for an award at the time of his death." The commission interprets this phrase to mean that because the decedent, while he lived, could have applied for any sort of condition, compensation, or benefit associated with his claim after the first report of injury was filed, relator had to submit her application for the functional-loss-of-use award within one year after the decedent's death. The magistrate focused on the words "lawfully entitled" and interpreted the phrase to mean that because the decedent had no lawful basis for receiving a scheduled loss award until his claim was allowed, the one-year statute of limitations did not bar relator's application.

{¶ 10} We conclude that the words "lawfully entitled" create an ambiguity regarding the meaning of the phrase at issue here. However, we are mindful that R.C. 4123.95 requires us to liberally construe R.C. 4123.01 through 4123.94 in favor of employees and the dependents of deceased employees. Liberally construing R.C. 4123.60 in favor of relator, we agree with the magistrate that relator, as the decedent's surviving spouse, was not "lawfully entitled" to have applied for an award for the decedent's total loss of use of his extremities until the commission mailed its order granting the decedent the right to participate in the workers' compensation system on July 7, 2006. Therefore, the one-year statute of limitations contained in R.C. 4123.60 does not bar relator's functional-loss-of-use award. Accordingly, we overrule the commission's third objection.

{¶ 11} Respondent Ohio Department of Transportation ("ODOT") has also filed objections to the magistrate's decision. ODOT objects on the same grounds contained in the commission's second and third objections. For the same reasons we expressed in overruling the commission's objections, we also overrule ODOT's objections.

{¶ 12} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant relator's request for a writ of mandamus and order the commission to make an award to relator for the decedent's functional loss of use of both his arms and legs.

Objections overruled;
writ of mandamus granted.

TYACK, J., concurs.

FRENCH, J., dissents.

FRENCH, J., dissenting.

{¶ 13} I respectfully dissent from the majority's conclusion regarding the one-year statute of limitations contained in R.C. 4123.60. Under the circumstances of this case, the plain language of R.C. 4123.60 allows the administrator to make an award only if a decedent "would have been lawfully entitled to have applied for an award at the time of his death" and if a dependent applies for the award "within one year" after the decedent's death. The fact that the right-to-participate question at issue here remained unresolved during that year does not change the fact that the decedent would have been entitled to apply for the loss-of-use award at the time of his death. See *State ex rel. Scott v. Ohio Bur. of Workers' Comp.* (1995), 73 Ohio St.3d 202, 652 N.E.2d 760 (enforcing the statute of limitations

contained within former R.C. 4123.60, despite claimant's assertion that applying for an award during that time would have been futile). Because relator did not file her loss-of-use application within one year of the decedent's death, I would conclude that the commission did not err in denying the award under R.C. 4123.60, sustain the commission's objection on these grounds, and deny the requested writ.

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

The State of Ohio ex rel. Leto, Relator,

v.

Industrial Commission of Ohio et al., Respondents.

No. 07AP–1079

(REGULAR CALENDAR)

### MAGISTRATE'S DECISION

Rendered September 9, 2008

Ward, Kaps, Bainbridge, Maurer & Melvin and Christopher J. Yeager, for relator.

Nancy H. Rogers, Attorney General, and Stephen D. Plymale, for respondent Industrial Commission of Ohio.

Lee M. Smith & Associates, Benjamin W. Crider, and Lee M. Smith, for respondent Ohio Department of Transportation.

### IN MANDAMUS

BROOKS, Magistrate.

{¶ 14} Relator, Sandra M. Leto, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to make an award on behalf of relator's deceased husband, Ronald J. Leto ("Leto"), for the functional loss of use of all four of Leto's extremities.

### Findings of Fact

{¶ 15} 1. Leto was employed by respondent Ohio Department of Transportation ("ODOT") as a Realty Specialist working out of the Northwest Regional Office in Findlay, Ohio. During the week beginning June 27, 2005, Leto was

working a temporary assignment as a Realty Specialist Supervisor. Because his job duties at ODOT required some travel, ODOT provided Leto with an automobile which he was permitted to drive to his home in Norwalk, Ohio.

{¶ 16} 2. According to Leto's work plan and travel itinerary for June 28, 2005, Leto was due to arrive at the Findlay office at 7:00 a.m. to review contracts until 3:30 p.m.

{¶ 17} 3. On June 28, 2005, at approximately 6:10 a.m., Leto was involved in a motor vehicle accident at the intersection of State Routes 23 and 224, approximately 15 miles from ODOT's Findlay office.

{¶ 18} 4. Leto was life-flighted to Saint Vincent/Mercy Hospital in Toledo, Ohio. Leto suffered a closed head injury.

{¶ 19} 5. It is undisputed that Leto's closed head injury rendered him comatose from the time of his initial medical evaluation on June 28, 2005, until his death on July 19, 2005. The medical evidence is uncontroverted that Leto had lost the functional use of his limbs during that time.

{¶ 20} 6. Both ODOT and the medical providers filed First Report of an Injury ("FROI") forms regarding the accident. ODOT neither certified nor rejected the workers' compensation claim at that time.

{¶ 21} 7. On September 1, 2005, relator filed an FROI for her separate death-benefits claim. Relator's claim for death benefits was combined with Leto's injury claim.

{¶ 22} 8. The Ohio Bureau of Workers' Compensation ("BWC") disallowed all claims on grounds that Leto was going to or coming from work and, therefore, he did not sustain an injury in the course of and arising out of his employment with ODOT.

{¶ 23} 9. Relator appealed the BWC order and her appeal was heard before a district hearing officer ("DHO") on November 18, 2005. The DHO denied the claim in its entirety based upon a finding that Leto did not sustain an industrial injury in the course of and arising out of his employment with ODOT because, at the time of the accident, Leto was a fixed situs employee. Pursuant to the "coming and going" rule, the DHO found that the evidence was insufficient to support a compensable industrial claim/application for death benefits.

{¶ 24} 10. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on January 25, 2006. The SHO affirmed the prior DHO's order and denied relator's claim/application in its entirety.

{¶ 25} 11. Relator filed an appeal/request for reconsideration from the order of the SHO denying Leto's claim in its entirety.

{¶ 26} 12. The commission granted relator's request for reconsideration and held a hearing on April 25, 2006.

{¶ 27} 13. In an order mailed Friday, July 7, 2006, the commission vacated the prior SHO order and allowed the claim.

{¶ 28} 14. ODOT filed an appeal in the Seneca County Court of Common Pleas in accordance with R.C. 4123.512. That appeal is currently pending.

{¶ 29} 15. On May 9, 2007, relator filed a motion requesting a scheduled loss award for the loss of use of all four of Leto's extremities pursuant to R.C. 4123.57(B).

{¶ 30} 16. Initially, the BWC issued an order granting the motion for benefits.

{¶ 31} 17. ODOT appealed and the matter was heard before a DHO on July 16, 2007. The DHO vacated the prior BWC's order and denied relator's request for the scheduled loss award because relator did not file that application within one year from the date of Leto's death as indicated in R.C. 4123.60.

{¶ 32} 18. Relator appealed and the matter was heard before an SHO on September 6, 2007. The SHO affirmed the prior DHO's order and denied relator's request for benefits because the application was not filed within the relevant statute of limitations.

{¶ 33} 19. Relator's further appeal and request for reconsideration were denied by order of the commission.

{¶ 34} 20. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law

{¶ 35} The Supreme Court of Ohio has set forth three requirements that must be met in establishing a right to a writ of mandamus: (1) relator has a clear legal right to the relief prayed for, (2) respondent is under a clear legal duty to perform the act requested, and (3) relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

{¶ 36} For the reasons that follow, it is this magistrate's decision that this court should issue a writ of mandamus in this case.

{¶ 37} As an initial matter, two issues must be addressed before considering whether or not the commission abused its discretion in its application of the one-year statute of limitations found in R.C. 4123.60. First, both respondents argue that relator has an alternative remedy by way of appeal to the common pleas court. Specifically, respondents contend that relator's mandamus action raises a right-to-participate issue and not an extent-of-disability issue. Second, the commission argues that relator's mandamus action is not ripe because ODOT, the

employer, has filed an appeal to the common pleas court pursuant to R.C. 4123.512 challenging the commission's allowance of Leto's claim.

{¶ 38} The magistrate finds that respondents' arguments that relator's mandamus action is not properly before this court lack merit.

{¶ 39} There are three ways in which a party may seek judicial review of decisions of the commission: (1) a direct appeal to a court of common pleas pursuant to R.C. 4123.512, (2) a mandamus action, and (3) an action for declaratory judgment pursuant to R.C. Chapter 2721. Each method of review is limited, and if the party chooses the wrong method, the court will not have subject-matter jurisdiction.

{¶ 40} "The *only* decisions of the commission that may be appealed to the courts of common pleas under R.C. [4123.512] are those that are final and that resolve an employee's right to participate or to continue to participate in the State Insurance Fund." (Emphasis added.) *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 238, 602 N.E.2d 1141, citing *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus. "An Industrial Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim." *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 594 N.E.2d 609, paragraph one of the syllabus. "A 'claim' in a workers' compensation case is the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury * * *. * * * A decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's 'claim.'" *Felty* at 239, 602 N.E.2d 1141.

{¶ 41} In the present case, the commission has allowed the claim and ODOT is appealing the allowance of the claim to the common pleas court. Relator is seeking compensation in the currently allowed claim. The commission's order denying her that compensation in the currently allowed claim does not raise a right-to-participate issue, because the denial of relator's request for compensation does not determine Leto's right to participate in the workers' compensation system. For example, because the claim is currently allowed, relator arguably could apply for any temporary total disability compensation to which Leto may have been entitled in the period between the date of injury and his date of death. The commission's order denying relator's request for compensation for Leto's total loss of use of his extremities does not extinguish Leto's right to participate in the workers' compensation system. Therefore, this decision is not appealable pursuant to R.C. 4123.512 and this court has subject-matter jurisdiction in mandamus.

{¶ 42} The commission also argues that this issue is not ripe for consideration by this court because ODOT's R.C. 4123.512 appeal regarding whether Leto was in the course of his employment at the time of the accident and whether his injuries arose out of his employment is currently pending in the common pleas court. Because Leto's right to participate in the workers' compensation fund is a condition precedent to eligibility for accrued loss-of-use compensation, the commission argues that the issue whether the commission abused its discretion in denying relator's request pursuant to R.C. 4123.60 is not ripe for review. This magistrate disagrees.

{¶ 43} It is undisputed that once a claim has been allowed, the claimant, or in this case, the surviving spouse, may seek medical benefits and other compensation. The medical benefits and compensation are payable once the claim has been allowed, in spite of the fact that the employer challenges the claim allowance in the common pleas court. The Ohio Revised Code provides employers and the commission with a remedy in the event that a claim allowance is ultimately reversed on appeal. Thus, in the present case, the fact that ODOT is challenging the claim allowance is immaterial because, at this time, Leto's claim has been allowed and relator is entitled to seek and receive compensation.

{¶ 44} Now that it has been determined that this mandamus action is properly before this court, the issue to be determined is whether the commission abused its discretion when, in applying R.C. 4123.60, the commission determined that relator's application seeking compensation for the functional loss of use of all four of Leto's extremities was barred because it was not filed within one year from the date of Leto's death. For the reasons that follow, it is this magistrate's conclusion that the commission did abuse its discretion in this case.

{¶ 45} Pursuant to R.C. 4123.57(B), relator sought an award of partial disability compensation due to Leto's total functional loss of use of both his arms and legs. All total, if granted, 850 weeks (17 plus years) of compensation would be paid. R.C. 4123.57(B) provides that when an employee has sustained the loss of a member by severance, but no award has been made prior to the employee's death, the award shall be payable to the surviving spouse or to the dependent children of the employee. In the present case, there is no dispute and all parties agree that Leto did suffer the functional loss of use of both his arms and legs.

{¶ 46} In denying the requested compensation, the commission applied R.C. 4123.60 which provides:

Benefits in case of death shall be paid to such one or more of the dependents of the decedent, for the benefit of all the dependents * * *. * * * The administrator may apportion the benefits among the dependents in such manner as he deems just and equitable. * * *

\* \* \*

In all cases where an award had been made on account of temporary, or permanent partial, or total disability, in which there remains an unpaid balance, representing payments accrued and due to the decedent at the time of his death, the administrator may, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent \* \* \*. If the decedent would have been lawfully entitled to have applied for an award at the time of his death the administrator may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, or for services rendered on account of the \* \* \* death of such decedent \* \* \*, but such payments may be made *only* in cases in which application for compensation was made in the matter required by this chapter, during the lifetime of such injured or disabled person, *or* within one year after the death of such injured or disabled person. (Emphasis added.)

{¶ 47} The commission focused on the final clause of R.C. 4123.60 and denied relator's request for compensation because the application was not filed "within one year after the death of such injured or disabled person." Id. The commission completely ignored the first clause of the final paragraph. When that clause is included, R.C. 4123.60 provides: "If the decedent would have been lawfully entitled to have applied for an award at the time of his death the administrator may \* \* \* award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death \* \* \* to such of the dependents of the decedent, or for services rendered on account of the \* \* \* death of such decedent \* \* \* but such payments may be made only in cases in which application for compensation was made in the manner required by this chapter, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person." Reading this entire paragraph, the magistrate finds that the decedent, Leto, was not truly lawfully entitled to have applied for an award at the time of his death and his surviving spouse, relator herein, was not lawfully entitled to have applied for an award until such time as Leto's claim was actually allowed by the commission. As a general rule, benefits are not payable if no claim has been allowed.

{¶ 48} Ordinarily, when an employee dies shortly after a work-related injury, the employer does not challenge whether or not the injury and death occurred within the scope of the employee's employment. The employee is ordinarily on the employer's premises when the injury occurs and this is not an issue.

However, in the present case, the employer specifically raised the issue of whether Leto's injuries occurred in the scope of his employment. Because ODOT challenged Leto's claim on this issue, it was necessary for the commission to determine whether or not Leto's claim would or would not be allowed. In reaching this determination, the following dates are particularly relevant:

(1) Tuesday, June 28, 2005—date of injury;

(2) July 6, 2005—BWC disallowed Leto's claim on grounds the injury was not sustained in the course of and arising out of employment because he was going to or coming from work;

(3) Tuesday, July 19, 2005—date of Leto's death;

(4) September 14, 2005—relator appeals BWC order;

(5) November 18, 2005—DHO affirms BWC's order and denies Leto's claim;

(6) December 12, 2005—relator appeals from DHO's order;

(7) January 25, 2006—SHO affirms prior DHO's order and denies Leto's claim;

(8) February 24, 2006—relator files request for reconsideration/appeal;

(9) April 25, 2006—commission takes relator's request for reconsideration under advisement;

(10) Friday, July 7, 2006—commission mails its order vacating the SHO's order and granting Leto's claim;

(11) May 9, 2007—relator files motion for functional loss of use of all four of Leto's extremities;

(12) December 11, 2007—commission mails final order denying relator's request for reconsideration and denies motion for loss of use based upon her failure to file the motion within one year of Leto's death.

{¶ 49} As above indicated, Leto died on July 19, 2005 and his claim was not allowed until, nearly one year later, the commission granted Leto the right to participate in the workers' compensation system. The commission did not grant Leto the right to participate until its order mailed Friday, July 7, 2006. The commission mailed the order granting Leto the right to participate in the workers' compensation system 12 days (nine business days) before the one-year anniversary of Leto's death.

{¶ 50} Leto was not truly "lawfully entitled" to have applied for and receive an award for the functional loss of use of his arms and legs at the time of his death. Relator, as Leto's surviving spouse, was not "lawfully entitled" to have applied for an award for Leto's total loss of use of both arms and legs until the commission mailed its order granting Leto the right to participate in the workers' compensation system in its order mailed July 7, 2006. While the allowance of this claim is still being litigated, there is no dispute among the medical doctors, ODOT, and

the commission that Leto had lost the functional use of both of his arms and legs as a result of the injuries he sustained on June 28, 2005. Relator spent nearly one year pursuing her administrative remedies in an effort to get Leto's claim allowed. Given the facts of this case, the magistrate finds that it was completely unreasonable to expect relator to have applied for these benefits before Leto's claim was lawfully allowed and within the nine business days the respondents contend she had to act before the one-year anniversary of Leto's death.

{¶ 51} Based on the foregoing, it is this magistrate's conclusion that relator has demonstrated that the commission abused its discretion in its application of R.C. 4123.60 and in its denial of her application based on the fact that it was not filed within one year after Leto's death and this court should issue a writ of mandamus ordering the commission to make an award to relator for Leto's functional loss of use of both his arms and legs.