DANIELS, Appellant,

v.

**BETHESDA HOSPITAL, INC. et al., Appellees.**

[Cite as *Daniels v. Bethesda Hosp., Inc.* (1997), 121 Ohio App.3d 272.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960934.

Decided June 11, 1997.

*Becker, Reed, Tilton & Hastings* and *Dennis A. Becker*, for appellant.

*Vorys, Sater, Seymour & Pease, Andrew M. Kaplan* and *Rosemary D. Welsh*, for appellee Bethesda Hospital, Inc.

*Betty D. Montgomery*, Attorney General, and *James M. Carroll*, Assistant Attorney General, for appellees William W. Pfieffer, Administrator, Ohio Bureau of Workers' Compensation, and Industrial Commission of Ohio.

MARIANNA BROWN BETTMAN, Judge.

Claudia Daniels, plaintiff-appellant, appeals from the judgment of the trial court dismissing her complaint for lack of subject-matter jurisdiction.[1] At issue is a determination by the Industrial Commission denying Daniels's request for certain medical expenses and temporary total disability benefits. In her sole assignment of error, Daniels argues that the trial court erred in granting summary judgment in favor of her former employer, Bethesda Hospital, Inc., the Administrator, and the Industrial Commission (collectively, "appellees").[2]

---

1. Because certain evidentiary materials necessary to the resolution of this issue were submitted and considered by the court, the trial court properly considered its ruling to be on a motion for summary judgment.

2. We have *sua sponte* removed this case from the accelerated calendar.

In mid-February 1985, Daniels sustained an injury while working as a staff nurse for Bethesda Hospital. She filed a claim for workers' compensation under claim No. 878549–22. The claim was allowed for a "low back injury with disc herniation and dysthymic disorder" ("the work injury"). In 1989, after surgery and both physical and occupational therapy, Daniels returned to work for Bethesda in the Ask–A–Nurse program. In January 1990, Bethesda terminated her employment. Daniels then worked as a medical sales representative for L'Nard from March 1990 to December 1993. After leaving L'Nard, Daniels worked for Advanced Medical Equipment in marketing and sales until January 1995.

On April 18, 1993, Daniels fell off a small chair while she was painting a window frame in her kitchen. She felt severe back pain and was taken to the emergency room at Bethesda North Hospital. Two weeks later, she returned to the emergency room because of back pain. On June 14, 1993, Daniels had back surgery and eventually returned to work at L'Nard. On June 23, 1993, Daniels filed a C–86 motion with the Industrial Commission ("Commission") under claim No. 878549–22, the same claim number given to her work-injury claim.[3] She sought payment of medical bills and temporary total disability compensation beginning on June 14, 1993, the date of her back surgery, until her doctor released her to return to work.[4]

Daniels's motion was heard on March 15, 1994, before a district hearing officer. The hearing officer granted that portion of Daniels's motion requesting payment of medical bills for treatment from August 6, 1990 through January 21, 1992, finding the treatment related to the work injury of February 16, 1985. However, the hearing officer found that Daniels was involved in an intervening incident in which she sustained injuries to her back on April 18, 1993. Finding that Daniels's medical treatment for the "period 4–18–93 and continuing" was not related to Daniels's work injury, the hearing officer denied Daniels's request for the payment of medical treatment for "the period beginning 4–18–93 and continuing" and for temporary total disability compensation for "the period 6–14–93, the date of surgery and continuing."

The district hearing officer's order was upheld by the regional board and by the commission. Daniels then filed an appeal pursuant to R.C. 4123.512[5] to the Hamilton County Court of Common Pleas.

---

**3.** Daniels does not allege that she was claiming a "new condition" as a result of the 1985 work injury.

**4.** The date that she returned to work is not in the record.

**5.** Formerly R.C. 4123.519, amended and renumbered effective October 23, 1993.

■ A decision by the commission that affects a claimant's right to participate in the fund may be appealed either by the claimant or the employer to the court of common pleas. R.C. 4123.512(A); *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus; *Zavatsky v. Stringer* (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693, paragraph one of the syllabus. If the decision involves only the extent of disability and not the right to participate in the fund, the party adversely affected has no right of direct appeal.[6] In this circumstance, the decision may be challenged by a writ of mandamus, where appropriate, or in an action for declaratory judgment. *Afrates, supra,* at paragraph three of the syllabus; *State ex rel. Evans v.. Indus. Comm.* (1992), 64 Ohio St.3d 236, 594 N.E.2d 609. This test has been easier stated than applied, especially when an intervening incident occurs. *Id.* at 239, 594 N.E.2d at 611 ("It is less obvious whether the Industrial Commission determines an employee's right to participate when it decides that a compensable accident is not the cause of a later injury.").

R.C. 4123.512(A) provides that a claimant or an employer "may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas." The Supreme Court has interpreted this provision narrowly, resolving that the only decisions reviewable on appeal under R.C. 4123.512 in the court of common pleas are those decisions involving a claimant's right to participate or continue to participate in the State Insurance Fund. *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 602 N.E.2d 1141, paragraph one of the syllabus.

■ In *Evans,* the Supreme Court held that "[a]n Industrial Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim." *Id.,* 64 Ohio St.3d 236, 594 N.E.2d 609, paragraph one of the syllabus. The court also held that "[t]he Industrial Commission's decision to grant or deny additional benefits under an existing claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to R.C. 4123.519." *Id.,* paragraph two of the syllabus. Our application of the syllabus law to the facts in this case persuades us that we cannot tell whether the order goes to the extent of disability or to the right to participate.

The hearing officer found:

---

**6.** Generally, "[a] determination of extent of disability presupposes that claimant has been allowed the 'right to participate' in the Workers' Compensation Fund for injury to a specific part or parts of the body involving the loss or impairment of bodily functions." *Zavatsky, supra,* at paragraph two of the syllabus.

"[O]n 4–18–93 the claimant [Daniels] was involved in an intervening incident wherein she fell off a chair while standing on it, in which she sustained injuries to the back.  * * * [T]he claimant's inability to return to and perform the duties of her former position of employment is the result of the injuries sustained in said intervening incident and is not related to claimant's industrial injury of 2–16–85. * * * [T]he claimant's medical treatment for the period 4–18–93 and continuing was the result of the intervening incident and is not related to the claimant's industrial injury herein.  Therefore, the claimant's request for the payment of medical treatment beginning 4–18–93 and payment of temporary total disability compensation for the period 6–14–93 and continuing is denied."

██  The Ohio Supreme Court has consistently stated that "the Industrial Commission must clearly and precisely word its decisions so that confusion and delay could thus be avoided in the disposition of claims for compensation." (Citations omitted.)  *Cook v. Mayfield* (1989), 45 Ohio St.3d 200, 202, 543 N.E.2d 787, 790.  This is particularly pertinent in decisions involving intervening incidents.  As stated in the syllabus in *Cook:*

"In decisions involving intervening incidents, district hearing officers, regional boards of review and the Industrial Commission must clearly and fully state the exact nature of the intervening incident, including whether it was work related and whether there was a causal nexus between the intervening trauma and the claimed disability."

The decision of the Industrial Commission is not clear.  As a result, neither the trial court nor this court is able to make the relevant inquiry of whether the decision merely denies payment of medical bills and compensation for a specific period of time (extent of disability) or if it finalizes the disallowance of Daniels's claim (right to participate).  Particularly troublesome is the finding that "claimant's medical treatment for the period 4–18–93 *and continuing* was the result of the intervening incident * * *" and the finding that "payment of temporary total disability compensation for the period 6–14–93 *and continuing* is denied."  (Emphasis added.)  Compare *Cole v. Complete Auto Transit, Inc.* (1997), 119 Ohio App.3d 771, 696 N.E.2d 289.

The decision does not indicate the exact nature and extent of the intervening injury, and the language chosen by the hearing officer does not state precisely the effect of the decision: is all future compensation and medical treatment under claim No. 878549–22 foreclosed?  We do not believe that a claimant should have to guess whether a decision forecloses future benefits under an existing claim.

When faced with a similarly ambiguous decision, the Second District Court of Appeals, in an extremely well-reasoned decision, adopted what we consider the appropriate remedy in this kind of situation, which is to vacate the order of the

court of common pleas dismissing the appeal and to remand the cause to the Industrial Commission for clarification. See *Lindamood v. Residence Inn* (Nov. 22, 1996), Montgomery App. No. 15763, unreported, 1996 WL 673263. Because we could not express this any better, we quote from *Lindamood:*

"Lindamood [the employee] would have us adopt the rule that whenever the Commission finds an 'intervening incident or injury' the right to future benefits is permanently terminated. We are reluctant to adopt that rule yet. The nature of the intervening injury or incident may be of such a character that it would have no effect on possible future benefits for a pre-existing claim. Or it might have that effect, depending upon the facts. We simply do not know the facts in this case to make a decision at this time. In reconsidering this matter, the Commission should explain the nature of the intervening incident and, if possible, determine whether or not it cuts off future benefits from the pre-existing claim. Only then can a court meaningfully address the issue of its jurisdiction for an appeal from that decision. The second injury may 'intervene' only to the extent that it simply adds to the claimant's medical problems, or it may in fact supersede the original injury and thus terminate future benefits from it."

Because it is unclear whether the order of the Industrial Commission forecloses future benefits related to the existing work-injury claim, we vacate the judgment of the trial court dismissing the appeal and remand the cause to the trial court with instructions to remand the case to the Industrial Commission for clarification of its findings and its orders in a manner consistent with this opinion.

*Judgment accordingly.*

PAINTER, P.J., and DOAN, J., concur.