OPINION
Appellant Kenneth Cantrell appeals a judgment of the Stark County Court of Common Pleas dismissing his appeal of an order of the Industrial Commission denying his claim for Workers' Compensation benefits:
 "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT ON JURISDICTIONAL GROUNDS AS A MATTER OF LAW.
 "II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT BECAUSE A GENUINE ISSUE OF MATERIAL FACT EXISTED THAT PRECLUDED THE GRANTING OF APPELLEES' MOTION TO DISMISS."
In June of 1998, appellant first filed a Workers' Compensation claim. The claim was allowed for "sprain lumbar region and herniated disc L4-5."
Appellant returned to his former position of employment, and worked until September 20, 2000. On that date, appellant was assaulted while sitting in his car. He was injured when he twisted to keep from being hit. Appellant then filed a claim to receive total temporary disability benefits.
Initially, appellant's claim was granted by the district hearing officer on February 21, 2001. The hearing officer found that the assault suffered by appellant did not represent an intervening injury that would break the chain of causation. Appellant's employer, United Foundries, appealed the decision. The staff hearing officer reversed this ruling, finding that the assault represented an intervening, non-industrial incident which broke the chain of causation. Appellant then appealed to the Industrial Commission, which refused to hear the appeal. Appellant filed a Workers' Compensation appeal to the Stark County Common Pleas Court under R.C. 4123.512.
The common pleas court dismissed the appeal, finding that the decision was not appealable, as it was an issue of extent of disability, rather than right to participate. The court concluded that it did not have jurisdiction over the appeal.
 I
Appellant first argues that the court erred in determining that the decision was not one of right to participate, or in the alternative, the order is ambiguous, and the case should be remanded to the Industrial Commission for clarification.
The Ohio Supreme Court has consistently stated that the Industrial Commission must clearly and precisely state its decisions so that confusion and delay can be avoided in the disposition of claims for compensation. Daniels v. Bethesda Hospital, Inc. (1997),121 Ohio App.3d 272. In decisions involving intervening incidents, the Commission must clearly and fully state the exact nature of the intervening incident, including whether it was work related and whether there was a causal nexus between the intervening trauma and the claimed disability. Cook v. Mayfield (1989), 45 Ohio St.3d 200, syllabus. The decision of the Industrial Commission must be clear so that the court can make the relevant inquiry about whether the decision merely denies payment of medical bills and compensation for a specific period of time, thereby being a decision of extent of disability, or if it finalizes the disallowance of the claim. Daniels, supra. The commission should explain the nature of the intervening incident, and if possible, determine whether or not it cuts off future benefits from the pre-existing claim. Id. Only then can a court meaningfully address the issue of its jurisdiction over an appeal from that decision. Id. The language chosen by the hearing officer should precisely state the effect of the decision. Id.
In the instant case, the decision of the hearing officer does not precisely state whether future benefits are cut off by the intervening incident. The hearing officer's order of April 3, 2001, states in pertinent part:
 "Based upon claimant's testimony regarding the incident of 09/20/2000 and the report of Dr. Whitsett, dated 04/01/2001, the Staff Hearing Officer finds that the claimant sustained an intervening, non-industrial incident on 09/20/2000 which broke the chain of causation.
 "It is, therefore, the order of the Staff hearing Officer that Temporary Total Compensation be denied from 09/22/2000 through 10/04/2000, 10/11/2000 through 10/15/2000, 10/17/2000 through 10/22/2000, and from 10/26/2000 through 11/21/2000, as these periods of disability are not related to the injury upon which this claim was originally predicated, but were as the result of the intervening injury as previously described."
While this order first finds that the assault is an intervening incident which broke the chain of causation, thereby implying that all future benefits would be terminated, in the next paragraph the order denies only specific periods of disability. The order does not precisely stately what the effect of the decision is as to appellant's right to receive future benefits.
The first assignment of error is sustained.
 II
The second assignment of error is rendered moot by our disposition of Assignment of Error I.
The judgment of the Stark County Common Pleas Court is reversed. This cause is remanded to that court with instructions to remand the case to the Industrial Commission for clarification of its findings and its order in a manner consistent with this opinion.
By GWIN, J., HOFFMAN, P.J., and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, The judgment of the Stark County Common Pleas Court is reversed. This cause is remanded to that court with instructions to remand the case to the Industrial Commission for clarification of its findings and its order in a manner consistent with this opinion. Costs to appellees.