OPINION
{¶ 1} This is an employer's appeal from an order that the court of common pleas rendered in an action on a workers' compensation appeal commenced by an employee from a decision of the Industrial Commission. The court remanded the case to the Industrial Commission to clarify its decision. The court's order also withheld judgment on a Civ.R. 12(C) motion for judgment on the pleadings the employer had filed, in which the employer contended that the court lacked jurisdiction pursuant to R.C.4123.512(A) because the Industrial Commission's decision from which the employee's appeal was taken concerned the extent of the disability involved.
 {¶ 2} The employer, Commercial Carriers, Inc., presents two assignments of error. First, it argues that the common pleas court lacks the power of remand. Second, the employer argues that the court should instead have granted its motion to dismiss because the claim concerned the extent of the claimant's disability, depriving the court of jurisdiction.
 {¶ 3} We have held that a common pleas court lacks the power to remand a case brought pursuant to R.C. 4123.512 to the Industrial Commission for further proceedings. McCoy v. Administrator (June 27, 1997), Greene App. No. 96-CA143. Our rationale was that the R.C. 4123.512
notice of appeal terminated the jurisdiction the Industrial Commission previously had. Id., citing Prayner v. Industrial Commission (1965),2 Ohio St.2d 120.
 {¶ 4} Here, the Industrial Commission's jurisdiction had terminated when its decision was rendered, but the common pleas court didn't remand for further adjudicative proceedings by the Industrial Commission. Rather, it remanded the case to the Industrial Commission to clarify the basis of the decision it made; to state whether the decision concerned the extent of disability, for which R.C. 4123.512(A) denies a right of appeal to the common pleas court, or instead concerned the employee's right to participate in the fund, from which an R.C. 4123.512
appeal may be taken.
 {¶ 5} The common pleas court found that the Industrial Commission's decision was ambiguous as to which of those two grounds was the basis for its decision denying the employee's workers' compensation claim. The court therefore remanded the case for a clarification of the basis of the Commission's prior adjudicative determination. That did not operate to confer "jurisdiction" on the Commission, which the court could not do. It merely sought a clarification of the record of the Commission's prior adjudication.
 {¶ 6} We see no purpose to be served in requiring a common pleas court sitting in an R.C. 4123.512 appeal to proceed on a record which the court finds is insufficient in a way that brings its jurisdiction into question. A ruling either way would probably be the subject of an appeal to this court, which would then be confronted with the same record. We would then most likely remand to the Industrial Commission, just as the common pleas court did. See Daniels v. Bethesda Hospital (1997),121 Ohio App.3d 272, citing Lindamood v. Residence Inn (Nov. 22, 1996), Montgomery App. No. 15763. Allowing the relief granted in the common pleas court's order is more expeditious, and in that regard is consistent with and supportive of the purposes of the workers' compensation system. The common pleas court merely exercised its inherent jurisdiction to determine its own jurisdiction
 {¶ 7} The first assignment of error is overruled. The second assignment of error is therefore moot, and per App.R. 12(A)(1)(c) we decline to rule on it. The judgment from which the appeal is taken will be affirmed.
FAIN, P.J. and YOUNG, J., concur.