DECISION.
{¶ 1} Clarence R. Maloney suffered two workplace injuries in 1990 and 1992 while employed by DuBois Chemical, defendant Diversey Corporation's predecessor in interest. The Ohio Bureau of Workers' Compensation allowed the claim numbered L41500-22 for "Back Strain" and the claim numbered L250232-22 for "Cervical Sprain/Strain; Thoracic Sprain/Strain; Trapezius Strain."
 {¶ 2} Since suffering the work-related injuries, Maloney has received periodic chiropractic treatment. He left DuBois Chemical in 1999 for his current job as a stocker for the Kroger Company. In 2000, Diversey notified Maloney that it would no longer pay for the chiropractic treatments. Therefore, in May 2001, Maloney filed with the Industrial Commission a C-86 motion under the claim numbered L41500-22, seeking authorization of treatment and the payment of his chiropractic bills. Maloney's motion was denied by both the district and staff hearing officers. The Industrial Commission denied further administrative review. In January 2002, Maloney filed a C-86 motion under the claim numbered L250232-22, seeking authorization for treatment and the payment of his chiropractic bills. Again, the district and staff hearing officers denied his motion and the Industrial Commission denied further review.
 {¶ 3} Maloney then filed a complaint in the common pleas court, pursuant to R.C. 4123.512, requesting judicial review of the administrative decisions. R.C. 4123.512(A) provides that a claimant or an employer "may appeal an order of the industrial commission * * * in an injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas * * *." Diversey, on behalf of all the defendants, moved for summary judgment, arguing that the trial court had no jurisdiction over the complaint because the Industrial Commission's decisions pertained to the "extent of disability."
 {¶ 4} In opposing the defendants' motion for summary judgment, Maloney argued that it was not clear from the decisions whether the Industrial Commission had ruled upon the "extent of disability" or foreclosed all future compensation and medical treatment under the claims. If the decisions did the latter, then they terminated Maloney's right to participate in the fund and are subject to the judicial review provided for in R.C. 4123.512(A). Maloney also argued that Diversey was judicially estopped from asserting that the decisions did not terminate his right to participate, when it took the position before the Industrial Commission that his need for continuing chiropractic care was unrelated to his 1990 and 1992 injuries.
 {¶ 5} The trial court agreed with Diversey and granted summary judgment, holding that the administrative decisions pertained to the "extent of disability," foreclosing the court's jurisdiction over the complaint. Maloney has appealed, arguing in his sole assignment of error that the trial court erred in granting summary judgment.
 I. Language of Hearing Officer's Decisions {¶ 6} In rejecting Maloney's C-86 motion for authorization of treatment and payment of chiropractic bills filed under his "back strain" claim, the district hearing officer stated that "[t]he claimaint's motion filed 5-24-01 to authorize ongoing 2 times a month chiropractic care is denied based upon the reports of both Dr. Randolph and Dr. Kemmet, D.C. The claimant's ongoing back pain complaints are related to his stocking job with Kroger. There is no evidence that claimant's 1990 injury is the cause of claimant's current back pain. He left DuBois Chemical for his new job at Kroger in 1999." Upon review, the staff hearing officer vacated the district hearing officer's order, but denied Maloney's motion. The staff officer's order reads, in relevant part, "The Staff Hearing Officer denies claimant's motion filed 5/24/01. Claimant's motion filed 5/24/01 to authorize on-going two chiropractic treatments a month is denied based on the reports of Dr. Randolph and Dr. Kemmet. The staff hearing officer finds that claimant's request for chiropractic treatment is not causally related to industrial injury of 1/9/90 and previously recognized conditions in claim."
 {¶ 7} The decision of the district hearing officer denying Maloney's C-86 motion for his "cervical sprain/strain; thoracic sprain/strain; trapezius sprain" claim states, in relevant part, that "[t]he claimant's request for payment of bills for treatment rendered and for authorization of chiropractic treatment is denied. The District Hearing Officer finds that the requested treatment is not medically necessary for the allowed conditions from the 04/02/92 industrial injury. Dr. Fisher causally relates the need for continuing care to the claimant's current work as a stocker [at Kroger], rather than the 04/02/92 injury." The staff hearing officer's decision affirming the district hearing officer's decision reads, in relevant part, "The Staff Hearing Officer finds that the requested medical treatment by Dr. Collins and Dr. Kemmet consisting of chiropractic treatment beginning January 2000 to the present time is not medically reasonable and appropriate for treatment of the allowed conditions stemming from this industrial injury. Therefore, the requested treatment is denied. This order is based upon the medical report of Dr. Fisher dated 01/24/2002."
 II. Requirement of Precision {¶ 8} The Ohio Supreme Court has often stated that the Industrial Commission must precisely and clearly word its decisions to avoid confusion and the resultant delay in the disposition of claims for compensation.[1] After reviewing the decisions of the Industrial Commission in this case, we agree with Maloney that they are ambiguous, requiring further clarification by the Industrial Commission before the assignment of error can be determined.
 {¶ 9} The decisions are confusing for two reasons. First, the district hearing officer's decisions state that Maloney's need for chiropractic care is due to an intervening cause — his stocker job at Kroger. The reviewing decisions do not mention the intervening cause, but rely upon the medical reports making that conclusion. Where intervening incidents are involved in the denial of disability compensation, the hearing officer must clearly state the nature of the intervening incident, the causal nexus between the intervening trauma and the claimed disability, and, if possible, whether such a causal nexus forecloses all future compensation and medical treatment under a claim.[2]
 {¶ 10} Second, the decisions use words such as "on-going" and "continuing care" in describing the treatment denied, which could indicate a permanent foreclosure of payment for the treatment of allowed conditions. The hearing officer must clarify the breadth of a preclusion in order for a court to meaningfully address the issue of jurisdiction in an appeal from the hearing officer's decision.[3]
 III. Remand Order {¶ 11} In a similar case where ambiguous language of a hearing officer prohibited a jurisdictional determination, this court in Danielsv. Bethesda Hospital[4] vacated the judgment of the trial court and remanded the cause to the trial court with instructions to remand the case to the Industrial Commission for clarification of its findings and its orders. We follow Daniels and vacate the decision of the trial court. We remand the case to the trial court with instructions to remand the case to the Industrial Commission for clarification of its findings and its orders in a manner consistent with this opinion.
 IV. Judicial Estoppel {¶ 12} In opposing Diversey's motion for summary judgment, Maloney argued that the doctrine of judicial estoppel barred Diversey from challenging the complaint on the basis of subject-matter jurisdiction. This doctrine applies when a party demonstrates that his opponent (1) took a contrary position, (2) under oath in a prior proceeding, and when (3) the prior position was accepted by the court.[5] The trial court implicitly rejected this argument in granting summary judgment to Diversey. Because we are vacating the trial court's decision and remanding the case with instructions, we do not address this issue.
Judgment vacated and cause remanded.
Doan, P.J., and Winkler, J., concur.
[1] See Cook v. Mayfield (1989), 45 Ohio St.3d 200, 202,543 N.E.2d 787.
[2] See Daniels v. Bethesda Hospital (1997), 121 Ohio App.3d 272,276-277, 699 N.E.2d 964.
[3] Id.
[4] Id.
[5] Smith v. Dillard Dept. Stores, Inc. (2000), 139 Ohio App.3d 525,533, 744 N.E.2d 1198.