**FLORA, Appellant,**

v.

**CINCINNATI MILACRON, INC., et al., Appellees.**

[Cite as *Flora v. Cincinnati Milacron, Inc.* (1993), 88 Ohio App.3d 306.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–11–112.

Decided June 21, 1993.

*Clements, Mahin & Cohen* and *Edward Cohen,* for appellant.

*Thompson, Hine & Flory, Michael Soto* and *Sarah A. Barlage,* for appellee, Cincinnati Milacron, Inc.

*Lee Fisher,* Attorney General, and *William D. Haders,* Assistant Attorney General, for appellees, Ohio Bureau of Workers' Compensation and Industrial Commission of Ohio.

*Per Curiam.*

Plaintiff-appellant, Elzie L. Flora, Jr., appeals a judgment of the Clermont County Court of Common Pleas dismissing his appeal of a decision rendered by defendant-appellee, the Industrial Commission of Ohio ("commission").

The record indicates that appellant is an employee of defendant-appellee, Cincinnati Milacron, Inc. ("Milacron"). On July 8, 1988, appellant sustained an industrial injury to his lower back while working at Milacron's Batavia plant. Appellant filed for workers' compensation benefits and was awarded such benefits from August 12, 1988, through October 16, 1988, after which he returned to work.

On December 7, 1989, appellant filed an application to reactivate the claim, alleging that on September 17, 1989, he had aggravated the injury while mowing his lawn. The application was denied by Milacron and the commission. The commission hearing officer found that appellant had sustained an intervening injury while mowing his lawn and that the injury was "more than a mere aggravation" of the injury that appellant suffered on July 8, 1988. The hearing officer's decision was affirmed throughout the administrative appeal process.

On March 20, 1992, appellant filed an appeal with the trial court pursuant to R.C. 4123.519, challenging the commission's denial of his request to reactivate the claim. On July 21, 1992, Milacron filed a motion to dismiss or, in the alternative, a motion for summary judgment. On September 23, 1992, the trial court issued a decision granting summary judgment in favor of Milacron. The court found that, pursuant to R.C. 4123.519, the commission's denial of appellant's application to reactivate his claim was not appealable to the common pleas court. The trial court entered judgment in accordance with its decision on October 30, 1992.

Appellant brings the instant appeal, setting forth the following sole assignment of error:

"The trial court erred to the prejudice of appellant in granting appellee's motion for summary judgment."

Appellant contends that the issue before the commission was appealable to the common pleas court and that the trial court therefore erred in granting summary judgment in favor of Milacron. Summary judgment is proper when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56; *Wills v. Frank Hoover Supply* (1986), 26 Ohio St.3d 186, 26 OBR 160, 497 N.E.2d 1118; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

R.C. 4123.519, governing appeals to the court of common pleas, provides in part the following:

"(A) The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case,

other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state."

Pursuant to R.C. 4123.519, a claimant can appeal only those decisions that involve the claimant's right to participate or to continue to participate in the workers' compensation fund. *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 594 N.E.2d 609. However, those decisions that do not reach an employee's right to participate in the system are considered to involve "the extent of the injury" and are therefore not appealable to a court of common pleas. *Id.; Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 241, 602 N.E.2d 1141, 1146.

In the case at bar, we find that the commission's decision reached the right of appellant to participate in the workers' compensation system. The commission found that appellant's September 1989 injury was caused by an intervening, non-work-related accident that was more than a mere aggravation of his prior condition. As such, the commission made a factual determination that appellant did not sustain the disability as a result of the work-related accident. Such a finding goes to appellant's right to participate in the system and it is therefore appealable to the common pleas court pursuant to R.C. 4123.519. See *Felty, supra,* 65 Ohio St.3d at 239, 602 N.E.2d at 1145, citing *Keels v. Chapin & Chapin, Inc.* (1966), 5 Ohio St.2d 112, 34 O.O.2d 249, 214 N.E.2d 428.

Milacron claims that the decision does not impinge upon appellant's right to seek benefits for the initial injury, and states that in fact, appellant continued to receive benefits after the commission's denial of his claim for reactivation. We find no evidence of such payments in the record. In any event, the practical effect of the commission's decision is a finding that appellant's current condition is not work-related. We find that such determination relates to appellant's right to participate and not merely to the extent of his injury.

Accordingly, appellant's sole assignment of error is sustained. The decision of the trial court is reversed and the cause is remanded with instructions to the trial court to conduct a *de novo* review of appellant's appeal pursuant to R.C. 4123.519.

*Judgment accordingly.*

KOEHLER, P.J., WALSH and HOFSTETTER, JJ., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.