GREENWALT, Appellant,

v.

AMERICAN STANDARD, INC. et al., Appellees.

[Cite as *Greenwalt v. Am. Std., Inc.* (1998), 131 Ohio App.3d 600.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 98–CO–13.

Decided Dec. 30, 1998.

*John A. Jeren, Jr.,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Virginia Egan Fisher,* Assistant Attorney General, for appellees Administrator, Bureau of Workers' Compensation and Industrial Commission of Ohio.

*Timothy E. Cowans,* for appellee American Standard, Inc.

---

GENE DONOFRIO, Presiding Judge.

Plaintiff-appellant, Lloyd D. Greenwalt, appeals from a final order of the Columbiana County Common Pleas Court sustaining the motion of defendant-appellee American Standard, Inc. et al. to dismiss for lack of subject matter jurisdiction in this workers' compensation case.

Appellant filed an application for workers' compensation benefits as a result of a work-related injury occurring on April 6, 1992. The Ohio Bureau of Workers' Compensation allowed the claim for herniated disc low back.

Appellant received temporary total disability compensation from April 6, 1992, until the Industrial Commission determined that appellant had reached maximum medical improvement on August 12, 1996. Four months later, on December 10, 1996, appellant filed a C–86 motion requesting payment of medical treatment and periods of temporary total compensation. Appellee American Standard filed an objection to this motion.

The matter was heard before a district hearing officer on March 3, 1997. The hearing officer subsequently filed an order denying appellant's C–86 motion. Appellant appealed this order to the Industrial Commission on March 12, 1997.

On May 7, 1997, a staff hearing officer modified the district hearing officer's order and affirmed it in all other respects. Appellant appealed the staff hearing officer's order. By order of May 16, 1997, the Industrial Commission refused to hear a further appeal.

Pursuant to R.C. 4123.512, appellant appealed to the Columbiana County Common Pleas Court. The court determined that the Industrial Commission's order involved only the extent of appellant's disability and not appellant's right to participate. Accordingly, the court dismissed appellant's appeal for lack of subject matter jurisdiction.

This appeal followed.

■ In his sole assignment of error, appellant alleges:

"The Court of Common Pleas, Columbiana County, Ohio committed error when it dismissed Plaintiff–Appellant Lloyd Greenwalt's Notice of Appeal and Complaint based upon its erroneous conclusion that the order of the Industrial Commission appealed to court dealt with an issue of 'extent of disability' and was therefore not appealable pursuant to Ohio Revised Code section 4123.512."

R.C. 4123.512(A) provides:

"The claimant or the employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas * * *."

■ ▪ Therefore, an employer or claimant can appeal only those orders of the Industrial Commission that involve a claimant's right to participate or to continue to participate in the State Insurance Fund. *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 238, 594 N.E.2d 609, 610–611. An employer or claimant *cannot* appeal those orders of the Industrial Commission that involve only the extent of the claimant's disability. R.C. 4123.512(A).

The central issue raised by this appeal is whether the Industrial Commission's order involved the extent of appellant's disability or appellant's right to continue to participate in the State Insurance Fund.

Appellant's position is that the Industrial Commission's order involved more than the extent of his disability and went to his right to continue to participate. Appellee's position is that the Industrial Commission's order involved only the extent of appellant's disability. The common pleas court agreed with appellee and denied appellant's appeal.

The decision of the district hearing officer denying appellant's C–86 motion reads:

"It is the order of the District Hearing Officer that the C–86 Motion filed by Claimant on 12/10/1996 is denied.

"The District Hearing Officer denies claimant's request for temporary total compensation for the period from 8/13/96 to 11/20/96, inclusive, on the basis that claimant has failed to present medical evidence to establish the existence of new and changed circumstances as to allow the Industrial Commission to invoke its continuing jurisdiction under Ohio Revised Code 4123.52. In the absence of new and changed circumstances the Industrial Commission may not revisit the claimant's entitlement to temporary total compensation subsequent to 8/12/96. By prior Staff Hearing Officer order of 9/23/96, claimant was found to have reached maximum medical improvement on 8/12/96.

"Temporary total compensation for the period from 11/21/96 to 3/3/97, inclusive, is denied. The District Hearing Officer finds that claimant sustained an intervening injury on or about 11/20/96 when he slipped and fell getting out of the bath tub. Per the 3/1/97 report of Dr. Krutky in file, the District Hearing Officer concludes that this 11/20/96 injury broke the causal connection between claimant's harm and/or disability and his work injury of 4/6/92.

"This order is based upon the report of Dr. Krutky and the emergency room report of Dr. Mirasol in file dated 11/21/96.

"The District Hearing Officer further denies claimant's request for (1) retroactive authorization of inpatient surgery performed 11/25/96; (2) physical therapy treatment at the rate of three per week for three months; (3) the rental of a TENS unit; and (4) authorization for a toilet seat. The District Hearing Officer finds that said treatment as requested causally related to the 4/6/92 injury upon which this claim is predicated but is rather causally related to the intervening injury claimant sustained on 11/20/96 when he slipped and fell getting out of a bath tub.

"This order is based upon the report of Dr. Krutky in file.

"The Self–Insured employer is hereby ordered to comply with the above findings."

As indicated earlier, on May 7, 1997, a staff hearing officer modified the district hearing officer's order and affirmed it in all other respects. The order of the staff hearing officer reads:

"It is the order of the Staff Hearing Officer that the Claimant's appeal, filed 03/12/1997, is granted.

"The order of the District Hearing Officer, from the hearing dated 03/03/1997, is modified to the following extent: The Staff Hearing Officer finds that for the period from August 13, 1996 through November 20, 1996, Claimant has failed to establish that the injury and allowed conditions upon which this claim is predicated, have once again become temporary, totally disabling.

"The prior order is affirmed in all other respects."

This modification related to the first two paragraphs of the district hearing officer's order.

Appellant concedes that the first two paragraphs of the district hearing officer's order deal with the extent of his disability. Appellant argues, however, that the remainder of the district hearing officer's order presents an "other than extent of disability" issue and, therefore, is appealable under R.C. 4123.512.

In *Evans, supra*, 64 Ohio St.3d 236, 594 N.E.2d 609, claimant injured his back in a work-related accident. The commission awarded him temporary total disability compensation. Approximately one year later claimant suffered an intervening injury when he slipped and fell on ice. The commission determined that the intervening injury substantially aggravated claimant's pre-existing work-related injury and denied him benefits for any medical expenses incurred after the intervening injury.

The commission denied claimant any further appeal. Claimant filed a complaint in mandamus in the court of appeals alleging that the commission had abused its discretion in denying him further temporary total disability compensation and medical benefits. The court of appeals held that a writ of mandamus was the appropriate remedy because claimant was not entitled to appeal under R.C. 4123.512.

On appeal to the Supreme Court the central issue was whether the commission's order involved the claimant's right to participate or to continue to participate in the State Insurance Fund. The court held that a commission's "decision is appealable if the decision is a final denial or grant of compensation for a particular claim." *Evans, supra*, at 240, 594 N.E.2d at 612. Looking at the facts before it, the court went on to find that the effect of the commission's order was to permanently foreclose claimant from receiving any further benefits for the claim he filed for the original work-related accident. *Id.* at 240–241, 594 N.E.2d at 612–613. The court dismissed claimant's complaint in mandamus finding that he had an adequate remedy at law under R.C. 4123.512. *Id.* at 241, 594 N.E.2d at 612–613.

Appellant cites and discusses numerous appellate court cases following *Evans* and reaching a similar conclusion. See *Flora v. Cincinnati Milacron, Inc.* (1993), 88 Ohio App.3d 306, 623 N.E.2d 1279; *Warman v. Kenner Products* (1995), 103

Ohio App.3d 384, 659 N.E.2d 824; *Cole v. Complete Auto Transit, Inc.* (1997), 119 Ohio App.3d 771, 696 N.E.2d 289.

Appellant argues that the effect of the commission's order was to permanently foreclose him from receiving any further benefits for the claim he filed for the original work-related accident. Appellant directs this court's attention to that portion of the commission's order where the hearing officer stated that the intervening injury (*i.e.*, when he slipped and fell getting out of the bath tub) broke the causal connection between his harm and/or disability and his original work-related injury.

Appellee asserts that appellant mistakenly relies on *Evans, supra.* Appellee attempts to draw a distinction between the language of the commission's order in *Evans* and the language of the commission's order in this case. In *Evans*, the final sentence of the commission's order stated: "Therefore, medical bills incurred after 1–8–87 are denied." *Id.* at 237, 594 N.E.2d at 610. Appellee focuses on the word "after" as the key word supporting the *Evans* decision. Appellee attempts to distinguish the other appellate court cases cited by appellant from the present case by pointing to similar words of finality contained in the commission orders involved in those cases.

In *Warman*, the commission's order stated that the claimant's intervening injury aggravated her pre-existing work-related injury. The court noted that the medical treatment rendered to claimant after the date of the intervening accident was causally related to that intervening accident and was not to be recognized under claimant's original claim. Therefore, the commission's order affected claimant's right to participate. *Id.*

In *Flora*, the commission's order found that claimant's intervening injury was caused by an intervening accident that was more than a mere aggravation of claimant's original work-related injury. The court found that such a finding went to claimant's right to participate.

In *Cole*, the commission's order stated that the intervening injury was causally related to the intervening accident and not the original work-related accident. The court interpreted this to mean that the claimant was precluded from any further benefits and thus the order affected his right to participate.

Appellee cites *Thomas v. Conrad* (1998), 81 Ohio St.3d 475, 692 N.E.2d 205, to support its proposition that simply because an intervening injury occurred and the commission's order disallowed benefits under an existing claim does not necessarily qualify the claim as affecting appellant's right to participate. However, appellee ignores an important distinction between *Thomas* and appellant's case. In *Thomas*, the injuries claimant suffered from the intervening accident were not sufficient to break the causal connection between claimant's then

current complaints and her original work-related injuries. *Id.* at 478, 692 N.E.2d at 207–208. Therefore, *Thomas* is distinguished on its facts.

Appellee asserts that *Hill v. Six Towing, Inc.* (June 19, 1996), Columbiana App. No. 95–CO–41, unreported, 1996 WL 342211, is controlling authority for the present case. Likewise, the common pleas court relied, in part, on *Hill* in dismissing appellant's appeal.

In *Hill,* this court found that a subsequent request for temporary total disability benefits for an allowed claim involved the extent of claimant's disability and not his right to participate. Therefore, the claimant was not entitled to appeal to the common pleas court pursuant to R.C. 4123.512. *Hill* is distinguishable from the present case, however, because the claimant in *Hill* did not suffer an intervening injury that severed the causal connection to the original work-related injury.

In this case, the commission's order did not state that it was denying appellant benefits from a specific date and thereafter. However, the order did state that the intervening accident and the resultant injury broke the causal connection between appellant's current harm and/or disability and his original work-related injury. A complete reading of the commission's order indicates that it was finalizing the allowance or disallowance of appellant's claim.

Furthermore, in the appellate court cases cited by appellant, the commission's order found that the claimant's injury was more than a mere aggravation of the original work-related injury or that the causal connection had been broken. In each of those cases, the courts found that the commission's order affected the claimant's right to participate. In this case the commission's order is clear in this regard. The order stated that the intervening accident and the resultant injury broke the causal connection between appellant's current harm and/or disability and his original work-related injury. Consequently, the commission's order effectively forecloses appellant from receiving any further benefits under the claim he filed for the original work-related accident.

The judgment of the common pleas court denying appellant an appeal pursuant to R.C. 4123.512(A) is reversed. The case is remanded to the common pleas court for further proceedings according to law and consistent with this court's opinion to determine the merits of appellant's appeal regarding all but the first two paragraphs of the district hearing officer's order.

*Judgment reversed*
*and cause remanded.*

Cox and Vukovich, JJ., concur.