OPINION
{¶ 1} Appellant, James Potter, appeals the April 9, 2004 order of the Court of Common Pleas of Defiance County, Ohio, granting summary judgment in favor of appellee, General Motors Corporation.
 {¶ 2} This case involves an appeal of a decision of the Industrial Commission of Ohio ("Commission"), denying Potter's continued participation in the workers' compensation system. Potter suffered a work-related injury to his low back in the course of his employment with General Motors on May 2, 1991. He filed a workers' compensation claim with the Commission on March 24, 1993, and the District Hearing Officer found that he had suffered a work-related injury. Potter was awarded temporary total disability benefits for a "lumbar strain/sprain with radiculopathy" through December 4, 1991. The Staff Hearing Officer affirmed the decision in its April 21, 1994 order. General Motors did not file any additional appeals.
 {¶ 3} Subsequent to the work-related injury, but prior to his filing of the workers' compensation claim, Potter was involved in a motor vehicle accident on July 17, 1992. Potter acknowledges that his low back was injured in the accident and that he was unable to return to work. The Staff Hearing Officer noted in its April 21, 1994 order, "for historical purposes only," that Potter suffered an injury in the accident and that the injury was not work-related.
 {¶ 4} On January 21, 1997 Potter filed a motion with the Bureau of Workers' Compensation seeking a determination of whether he was eligible to participate in the workers' compensation system after the motor vehicle accident. Specifically, Potter requested the Industrial Commission to "make a specific determination whether the automobile accident of July 17, 1992, is an intervening injury such that [Potter]'s subsequent medical condition is the proximate result of his industrial injury on May 2, 1991." Potter also requested that Commission determine that he was entitled to temporary total disability benefits for his work-related injury for the period after the automobile accident. The District Hearing Officer ruled that Potter sustained an intervening injury in the automobile accident which aggravated his condition, and that he was therefore not entitled to workers' compensation benefits after the date of the accident. The Staff Hearing Officer denied Potter's appeal.
 {¶ 5} Thereafter, Potter appealed to the Court of Common Pleas pursuant to R.C. 4123.512.[1] In its April 9, 2004 judgment, the trial court granted General Motors' motion for summary judgment. The trial court found that "the motor vehicle accident was so significant, that it must be deemed an independent intervening cause of Plaintiff's condition," and held that the accident was an intervening cause, barring Potter from participating in the workers' compensation system. Potter appeals that decision, asserting one assignment of error.
The trial court erred in granting summary judgment todefendant-appellee General Motors Corporation.
 {¶ 6} The standard of review for a grant of summary judgment is de novo. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Thus, a grant of summary judgment will be affirmed only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, summary judgment is not proper unless reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Id.; see Zivish v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-70. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 345, 360.
 {¶ 7} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond."Mitzeff v. Wheeler (1988), 38 Ohio St.3d 112. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the nonmoving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R 56(E).
 {¶ 8} The question in the case sub judice is whether there is a genuine issue of material fact as to whether or not the motor vehicle injury on July 17, 1992 was an intervening injury that would break the chain of causation, rendering Potter unable to receive workers' compensation benefits for his work-related injury. In order to receive workers' compensation benefits, the disability sustained must be proximately related to an injury suffered while in the course of employment. McNees v. CincinnatiSt. Ry. Co. (1950), 152 Ohio St. 269, 279, 89 N.E.2d 138. "Where a [worker] has sustained an accidental injury arising out of the employment, he may or may not be allowed compensation for subsequent harm or injurious effects, depending upon whether they are the direct or proximate consequences of the accidental injury, or whether the chain of causation has been broken by intervening or superseding causes." Fox v. Indus. Comm. (1955),162 Ohio St. 569, 575, 125 N.E.2d 1. We find that Potter has produced sufficient evidence to present the trial court with a genuine issue of material fact.
 {¶ 9} The parties go to great lengths arguing whether the automobile accident needs to be both an intervening and
superseding cause or whether it is sufficient that the accident was an intervening or superseding cause. We believe this distinction is one of semantics only. The essential question is not whether the injuries sustained in the motor vehicle accident intervened or superseded, but whether the injury broke the chain of causation between his current disabilities and the work-related accident. While the terms "intervene" and "supersede" may refer to different things, the ultimate question is the effect the new event has on the previous injury. "[T]he proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which that event would not have occurred." Aiken v. Industrial Commission (1944),143 Ohio St. 113, 117, 53 N.E.2d 1018; see also Oswald v. Connor (1985),16 Ohio St.3d 38, 42, 476 N.E.2d 658.
 {¶ 10} To fulfill his burden Potter has produced evidence which tends to demonstrate that the motor vehicle accident merely aggravated his injuries for a period of time, and that his condition later returned to its pre-injury status. The testimony of Thomas C. Lin, M.D., was that Potter returned to his pre-accident status on February 1, 1993. Dr. Lin also testified that it was his medical opinion that the injuries he was treating were from the work injury and not the motor vehicle evidence. Potter has produced additional evidence to demonstrate that he was still suffering the effects of the work injury prior to the automobile accident. He had to take off work for a substantial period in the month prior to the accident due to his work injuries. Additional evidence shows that he needed increased amounts of medication to treat his injuries in the weeks immediately preceding the automobile accident.
 {¶ 11} This evidence, coupled with Dr. Lin's testimony, if believed, could lead a reasonable mind to conclude that the automobile accident aggravated Potter's injuries and that he returned to a point after the accident where his injuries emanated solely from the work accident. Thus, a reasonable mind could conclude that the automobile accident did not break the chain of causation, and that Potter's disability was proximately caused by the work injuries and not the automobile accident.
 {¶ 12} General Motors argues, and the trial court seems to agree, that the factual allegations Potter puts forth, specifically the fact that the effects of the automobile accident had resolved and Potter had returned to his pre-accident condition as of February 1, 1993, are immaterial to this case, and therefore summary judgment was proper. Specifically, General Motors contends that resolving such questions would address the extent of appellant's disability rather than his right to participate in the workers' compensation system, and therefore the Court of Common Pleas lacks jurisdiction under R.C. 4123.512.
 {¶ 13} It is well-established that the employee only has grounds to appeal a decision of the Commission that affects a claimant's right to participate or continue to participate in the system. Felty v. ATT Technologies, Inc. (1992),65 Ohio St.3d 234, 238, 602 N.E.2d 1141. Decisions affecting the extent of a claimant's disability are not appealable under R.C. 4123.512. Id. The test for determining whether a Commission decision affects a claimant's right to participate is "if the decision is a final denial or grant of compensation for a particular claim." Stateex rel. Evans v. Industrial Commission of Ohio (1992),64 Ohio St.3d 236, 240, 594 N.E.2d 609. However, in Evans the Supreme Court declared that a "flat prohibition of any future benefits" is a final denial of compensation and is therefore appealable under R.C. 4123.512.
 {¶ 14} In this case, the District Hearing Officer's decision specifically states that "no compensation or treatment is to be paid subsequent to 7/17/92." This constitutes a flat prohibition on any future recovery for the injuries suffered in the work-related accident. Therefore, Potter has effectively been denied participation in the system and has standing to appeal this determination in the Court of Common Pleas.
 {¶ 15} General Motors further argues that Potter has not filed a motion with the Commission to reactivate his claim or requested compensation after February 1, 1993 and therefore facts pertaining to his status on February 1, 1993 are not at issue in this case.
 {¶ 16} However, we think it is clear that the issue of whether Potter was able to recover after the automobile accident was before the Commission. Potter's motion asked the Commission to determine whether he was temporarily and totally disabled and "therefore entitled to temporary total disability compensation from July 17, 1992 to the present." Thus, Potter is seeking compensation for the entire period after the accident, including the period after February 1, 1993. Therefore, the question of whether Potter returned to his pre-accident condition on that day was clearly before the Commission.
 {¶ 17} Clearly, then, whether Potter returned to his pre-automobile accident condition is an issue of fact that is material to this case. Potter has fulfilled his burden of presenting evidence to demonstrate that reasonable minds could differ in resolving this factual question. Thus, there is a genuine issue of material fact as to whether the automobile accident was an intervening event sufficient to break the chain of causation, such that Potter's disability was caused by the motor vehicle accident and not the work-related injury. Therefore, the judgment of the lower court is reversed, and the case is remanded to the trial court for trial.
Judgment reversed and cause remanded.
 Bryant and Rogers, JJ., concur.
[1] Potter initially filed his appeal in 1997, joining negligence claims against the driver allegedly responsible for the automobile accident. General Motors moved for and was granted separate trials. Potter subsequently settled the negligence claims, and thereafter refilled his appeal of the Commission's decision.