[Cite as *Gilbrath v. Autozone, Inc.*, 2014-Ohio-2347.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

TERRY L. GILBRAITH,                       :

    Plaintiff-Appellant,              :          Case No.   13CA1

    vs.                               :

AUTOZONE, INC., et al.,                   :          DECISION AND JUDGMENT ENTRY

    Defendants-Appellees.             :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:          C. Russell Canestraro, Agee, Clymer, Mitchell & Laret, 226
                                North Fifth Street, 5th Floor, Columbus, Ohio 43215

COUNSEL FOR APPELLEE
 BUREAU OF WORKERS'
 COMPENSATION:                  Michael Dewine, Ohio Attorney General, and Patsy A.
                                Thomas, Ohio Assistant Attorney General, 150 East Gay
                                Street, 22nd Floor, Columbus, Ohio 43215

COUNSEL FOR APPELLEE
 AUTOZONE STORES, INC.:         John C. Albert, Crabbe, Brown & James, LLP, 500 South
                                Front Street, Suite 1200, Columbus, Ohio 43215

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 5-27-14
ABELE, P.J.

    **{¶ 1}**   This is an appeal from a Jackson County Common Pleas Court judgment that

granted motions to dismiss for lack of subject matter jurisdiction filed by AutoZone Stores, Inc.,

and the Bureau of Workers' Compensation (BWC), defendants below and appellees herein.

{¶ 2}   Terry L. Gilbraith, plaintiff below and appellant herein, assigns the following error for review:

> "THE INDUSTRIAL COMMISSION'S 9/23/2010 DECISION HAS INDICATED THAT PLAINTIFF'S RIGHT TO PARTICIPATE IN THE OHIO BUREAU OF WORKERS' COMPENSATION SYSTEM HAS NOT BEEN TERMINATED. HOWEVER, FOR ALL PRACTICAL PURPOSES, THERE IS NO VEHICLE IN LAW OR EQUITY THAT REESTABLISHES A CAUSAL CONNECTION ONCE BROKEN.   THE INDUSTRIAL COMMISSION IS BOUND BY ITS ORDERS WHICH PREVIOUSLY FOUND THE CAUSAL CONNECTION TO PLAINTIFF'S INDUSTRIAL INJURY HAS BEEN SEVERED.   SUBSEQUENT ORDERS THAT HOLD THAT IT IS NOT ARE ILLUSIONARY."

{¶ 3}   On February 12, 2003, appellant sustained a work-related injury.   He received workers' compensation for "lumbar sprain; aggravation of pre-existing herniated nucleus pulposus L4-L5."   On May 10, 2008, appellant sustained a non-work-related injury while shoveling in his yard.   Appellant's doctor subsequently certified that appellant was temporarily totally disabled beginning on May 12, 2008 due to "lumbar sprain and aggravation of pre-existing herniated disc L5-S1."

{¶ 4}   On June 11, 2008, appellant filed a C-86 motion requesting temporary total disability (TTD) compensation.   On July 23, 2008, a district hearing officer (DHO) denied appellant's motion.   The DHO determined that appellant was not temporarily totally disabled due to the allowed conditions in his 2003 workers' compensation claim.   The DHO found that the May 10, 2008 injury was an intervening injury and that appellant's period of disability following the intervening injury was not causally related to the allowed conditions in his claim. The DHO observed:   "The C-84 reports * * * do not certify the claimant as being disabled due to the disc condition at L4-5.   Instead, Dr. Kincaid refers to the presence of a non-allowed

herniated disc at L5-S1 (and not to any herniated disc at L4-5)."   Appellant appealed the DHO's

decision to a staff hearing officer (SHO).

**{¶ 5}**   On August 20, 2008, the SHO affirmed the DHO's decision.   The SHO found

that appellant requested TTD for conditions that were not allowed in his workers' compensation

claim.   The SHO determined that "the medical evidence does not document the allowed

conditions independently render the injured worker temporary totally disabled."   The SHO

stated: "It is the further order that the injured worker sustained an intervening injury on

05/10/2008 that broke the chain of causation to the original injury in this claim. * * * Dr.

Vogelstein clearly states the injured worker sustained an intervening injury as the result of the

shoveling event on 05/10/2008."   The Industrial Commission refused appellant's further appeal.

**{¶ 6}**   On November 7, 2008, appellant appealed to the Jackson County Common Pleas

court.   He later dismissed the appeal.

**{¶ 7}**   On October 7, 2009, appellant filed a C-86 motion that requested the payment of

medical bills.   On November 3, 2009, a DHO denied appellant's motion.   The DHO determined

that appellant "failed to satisfy his burden of proving that these treatments were reasonably

necessary and appropriate care for the allowed conditions in the claim."   The DHO explained:

> i.   "[S]eparate Staff Hearing Officers have held that the event of
> 05/10/2008 was an intervening injury which broke the chain of
> causation to the original injury in this claim.   The Injured Worker
> has submitted no evidence that the treatments for which payment is
> sought are based upon any new and changed circumstances.
> Consequently, the medical evidence submitted by the Injured
> Worker does not adequately document that the bills are for
> treatments which are in any way different from treatments and
> compensation which has previously been denied.   While Dr.
> Kincaid does certify that the treatments were for the Injured
> Worker's lumbar sprain and herniated nucleus pulposus at L4-5,

the conditions allowed in the claim, there has not been an adequate demonstration that they do not arise out of the previously found intervening incident, rather than the 2003 industrial injury. Consequently, all of these bills are found not properly payable."

{¶ 8}   On December 9, 2009, a SHO affirmed the DHO's order denying appellant's motion.   The SHO agreed that appellant failed to show "that these treatments were reasonably necessary and appropriate care to the allowed conditions under this claim."   The Industrial Commission refused appellant's further appeal.

{¶ 9}   Appellant then re-filed his previously dismissed complaint and added the more recent 2009 orders denying his motion for payment of medical bills.   AutoZone subsequently filed a motion to dismiss appellant's complaint.   AutoZone asserted that the trial court lacked jurisdiction because the orders appellant attempted to appeal were not appealable under R.C. 4123.512.

{¶ 10}  On April 5, 2010, the trial court overruled AutoZone's motion to dismiss and remanded the matter to the BWC.   The court directed the BWC to clarify the effect of appellant's 2008 injury on his right to participate in the workers' compensation fund for his 2003 injury.

{¶ 11}  On September 23, 2010, the DHO clarified its prior order by stating:

"[Appellant]'s request for temporary total compensation for the period 05/12/2008 through 08/20/2008 (date of Staff Hearing Officer order) is specifically denied.   The District Hearing Officer finds that [appellant] has not met his burden of proving that this disability for the period at issue is causally related to the allowed conditions in the claim.   The District Hearing Officer notes that the C-84 Requests of Dr. Kincaid dated 05/19/2008 and 06/25/2008 specifically list the condition 'herniated disc at L5-S1' which is a non-allowed condition in the claim.   Therefore, the District Hearing Officer finds that [appellant]'s disability is not related to the allowed conditions in the claim.
As noted above the District Hearing Officer order of 07/23/2008 and the

Staff Hearing Officer order of 08/20/2008 denied [appellant]'s request for temporary total compensation in part because of a finding that [appellant] sustained an intervening injury on 05/10/2008.   The District Hearing Officer finds that the intervening injury of 05/10/2008 breaks the causal connection between [appellant]'s disability and the allowed conditions in the claim only for the period at issue which is from 05/12/2008 through 08/20/2008 (date of Staff Hearing Officer order).   However, this finding does not bar [appellant] from requesting temporary total compensation from 08/21/2008 fo[r]ward.   A request for temporary total compensation from 08/21/2008 fo[r]ward must be considered on the merits since circumstances may exist in the future which may render [appellant] temporarily and totally disabled due to the allowed conditions in the claim.   The issue of the intervening injury may be a valid defense to any future request for temporary total compensation."

{¶ 12} On October 26, 2010, a SHO affirmed the DHO's order and stated:

"It is the finding of the Staff Hearing Officer that [appellant] sustained an intervening injury on 05/10/2008 while he was working in his back yard shovelling [sic] dirt.   This injury did not occur in the course of and arising out of his employment.   The disability almost immediately following this intervening injury was due to the intervening injury of 05/10/2008.   Therefore the request for temporary total disability compensation from 05/12/2008 through 08/20/2008 is denied in that the disability was not due to the allowed conditions in this industrial claim.
    However, for future issues a determination must be made as to whether medical treatment or disability is due to the allowed conditions in the 02/12/2003 industrial injury or the intervening injury that occurred on 05/10/2008.   This determination may be made on any issue in the future regarding disability or medical treatment and other issues in the claim."

{¶ 13} Appellant sought further appeal to the industrial commission.   Appellant contended that the SHO's October 26, 2010 decision failed to clarify the effect of the 2008 intervening injury.   The commission refused appellant's further appeal and stated that the SHO's October 26, 2010 order remained in effect.

{¶ 14} On April 22, 2011, appellant filed a complaint in the common pleas court and requested that he be allowed to participate in the workers' compensation fund.   Appellant also filed an appeal from the commission's decision.   In his complaint, appellant alleged that the

commission "made a specific finding of there being an intervening injury that breaks the causal connection in this claim. Therefore this matter is no longer a mere extent of disability issue, but rather a right to participate." Appellant thus requested that he be allowed to continue to participate in the workers' compensation fund.

{¶ 15} Appellees subsequently filed separate Civ.R. 12(B)(1) motions to dismiss the complaint and appeal due to a lack of subject matter jurisdiction. In the motion, the appellees argued that the trial court lacked subject matter jurisdiction because appellant's appeal did not involve his right to participate in the workers' compensation fund.

{¶ 16} On March 12, 2013, the trial court granted the motions to dismiss. The court determined that the commission's decision did not terminate appellant's right to participate in the workers' compensation fund, but rather found that "the 2008 injury was a non-compensable injury unrelated to [appellant]'s employment." This appeal followed.

{¶ 17} In his sole assignment of error, appellant argues that the trial court erred by granting appellees' motions to dismiss. Appellant contends that the trial court wrongly determined that it lacked subject matter jurisdiction under R.C. 4123.512. Appellant asserts that the commission's decision terminated his right to participate in the workers' compensation fund, and, thus, that R.C. 4123.512 provides the trial court with jurisdiction over the matter. Appellant argues that the DHO's 2010 finding that his May 10, 2008 injury was an intervening injury that broke the chain of causation means that the commission effectively terminated his right to participate. Appellant contends that the finding that the May 10, 2008 intervening injury broke the chain of causation is a finding that he no longer has the right to participate in the workers' compensation fund for the 2003 injury. Appellant additionally asserts that the SHO's

decision that he can still prove causation in the future is illusory, because the DHO's finding that

the intervening injury broke the chain of causation between his original work-related injury and

his May 2008 period of disability equates to a finding that he can never establish a chain of

causation between his original work-related injury and any subsequent injuries or periods of

disability. Appellant thus claims that because the DHO found that the intervening injury broke

the chain of causation between his industrial injury and his 2008 disability, the commission's

decision involves his right to participate.

{¶ 18} Appellees assert that the decision did not involve appellant's right to participate in

the workers' compensation fund. Appellees argue that the only appealable order is one that

finalizes the allowance or disallowance of a workers' compensation claim. They thus contend

that because the order leaves open the possibility that appellant could seek future benefits under

the claim, the order does not finalize the allowance or disallowance of appellant's claim.

A

STANDARD OF REVIEW

{¶ 19} When a trial court rules on a Civ.R. 12(B)(1) motion to dismiss for lack of

subject-matter jurisdiction, the court must determine whether the claim raises any action

cognizable in that court. State ex rel. Bush v. Spurlock, 42 Ohio St.3d 77, 80, 537 N.E.2d 641

(1989). A trial court may grant the motion to dismiss only if the claim fails to raise any issue

cognizable in that court. An appellate court that reviews a trial court's judgment regarding a

motion to dismiss for lack of subject-matter jurisdiction must determine, as a matter of law,

whether the trial court erred by holding that the claim did not state any action cognizable in that court.   Milhoan v. E. Local School Dist. Bd. Of Edn., 157 Ohio App.3d 716, 2004-Ohio-3243, 813 N.E.2d 692 (4th Dist.).

B

WORKERS' COMPENSATION APPEALS

{¶ 20}  "'Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such jurisdiction as in conferred on them under the provisions of the Workmen's Compensation Act.'"   Benton v. Hamilton Cty. Educational Serv. Ctr., 123 Ohio St.3d 347, 2009-Ohio-4969, 916 N.E.2d 778, ¶7, quoting Jenkins v. Keller, 6 Ohio St.2d 122, 216 N.E.2d 379 (1966), paragraph four of the syllabus.   R.C. 4123.512 authorizes appeals from industrial commission orders, but "only in limited circumstances."   Benton at ¶10, citing Felty v. AT&T Technologies, Inc., 65 Ohio St.3d 234, 238, 602 N.E.2d 1141 (1992).   R.C. 4123.512(A) limits courts of common pleas jurisdiction to appeals from industrial commission orders "in any injury or occupational disease case, other than a decision as to the extent of disability."   The Ohio Supreme Court has construed R.C. 4123.512(A) as limiting appeals to cases involving the claimant's "right to participate" in the workers' compensation fund.   Benton at ¶8; White v. Conrad, 102 Ohio St.3d 125, 2004-Ohio-2148, 807 N.E.2d 327, ¶¶10-13; State ex rel. Liposchak v. Indus. Comm., 90 Ohio St.3d 276, 279, 737 N.E.2d 519 (2000).   A decision regarding the extent of a claimant's disability is not appealable to the common pleas court, but instead, must be challenged in a mandamus action.   Benton at ¶8; Thomas v. Conrad, 81 Ohio St.3d 475, 477, 692 N.E.2d 205 (1998).

{¶ 21}  The only right-to-participate question that is subject to judicial review is

"'whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment.'" Benton at ¶8, quoting State ex rel. Liposchak v. Indus. Comm., 90 Ohio St.3d 276, 279, 737 N.E.2d 519 (2000); Felty, paragraph two of the syllabus; State ex rel. Evans v. Indus. Comm., 64 Ohio St.3d 236, 594 N.E.2d 609 (1992); Afrates v. Lorain, 63 Ohio St.3d 22, 584 N.E.2d 1175 (1992), paragraph one of the syllabus. "An Industrial Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim." Evans at paragraph one of the syllabus. The decision must "foreclose all future compensation under that claim." Id. at 240. Thus, "[o]nce the right of participation for a specific condition is determined by the Industrial Commission, no subsequent rulings, except a ruling that terminates the right to participate, are appealable pursuant to R.C. 4123.512.'" White at ¶13; Felty, 65 Ohio St.3d at 240; Zavatsky v. Stringer, 56 Ohio St.2d 386, 384 N.E.2d 693 (1978), paragraph one of the syllabus ("An order of the Industrial Commission which either denies or allows a claimant the right to participate in the Workers' Compensation Fund for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and, thus, * * * may be appealed to the Court of Common Pleas * * *."). Thus,

> "requests by a litigant for additional activity in a case, for temporary suspension of a claim, or for one of the myriad interlocutory orders the commission may issue in administering a case are not 'claims.' For example, a decision by the commission to allow or deny additional compensation for a previously allowed condition when there is no new condition is not appealable because it goes to the extent of the injury—there is no new claim. State ex rel. Roope v. Indus. Comm. (1982), 2 Ohio St.3d 97, 2 OBR 649, 443 N.E.2d 157 (mandamus held to be the proper remedy)."

Felty, 65 Ohio St.3d at 239-240.

{¶ 22} In the case at bar, appellant does not disagree that only a decision that finalizes the allowance or disallowance of a claim is appealable. Instead, appellant argues that the commission's decision effectively finalized the disallowance of his claim by finding that the intervening injury broke the chain of causation.[1] He contends that the break in causation means that he is permanently foreclosed from seeking future benefits under the claim, regardless of the language in the DHO and SHO decisions stating that he may seek future benefits. We do not agree.

{¶ 23} Appellant's argument rests primarily upon Greenwalt v. American Standard, Inc., 131 Ohio App.3d 600, 723 N.E.2d 167 (7th Dist. 1998). In Greenwalt, the court determined that the commission's decision involved the claimant's right to participate in the fund when the commission found that "the intervening injury * * * broke the causal connection between his harm and/or disability and his original work-related injury." While at first glance this statement

---

[1] We observe that the DHO used the language indicating that the intervening injury broke the chain of causation between the original work-related injury and appellant's May 2008 disability. The SHO's 2010 order never states that the May 2008 injury broke the chain of causation. R.C. 4121.35(C) states that the SHO's order is the commission's order that is subject to appeal under R.C. 4123.512. 4121.35(C) reads:

> The decision of a staff hearing officer under division (D) of section 4123.511 of the Revised Code is the decision of the commission for the purposes of section 4123.512 of the Revised Code unless the commission hears an appeal under division (E) of section 4123.511 of the Revised Code.

The statute suggests, therefore, that the SHO's order—and not the DHO's order—is the order we should review to ascertain whether it involves appellant's right to participate. Neither party, however, has enlightened this court as to whether the SHO's order displaces the DHO's finding. Thus, we presume, as the parties do, that the DHO's finding remains in full force and effect.

appears to support appellant's argument, an examination of the underlying facts and analysis

shows that Greenwalt is not dispositive of the case at bar.   In Greenwalt, the claimant suffered a

work-related injury on April 6, 1992 and received workers' compensation.   The claimant later

injured himself when he slipped and fell while stepping out of a bath tub.   He then requested

payment of medical treatment and TTD.   The commission denied the request.   The DHO stated:

> "Temporary total compensation for the period from 11/21/96 to 3/3/97, inclusive,
> is denied.   The District Hearing Officer finds that claimant sustained an
> intervening injury on or about 11/20/96 when he slipped and fell getting out of the
> bath tub.   * * * [T]he District Hearing Officer concludes that this 11/20/96 injury
> broke the causal connection between claimant's harm and/or disability and his
> work injury of 4/6/92."
>
> On appeal to the common pleas court, the court determined that the decision did not

involve the claimant's right to participate and dismissed the appeal.   The claimant then appealed

to the Seventh District Court of Appeals and asserted that the decision involved his right to

participate because "the effect of the commission's order was to permanently foreclose him from

receiving any further benefits for the claim he filed for the original work-related accident."   Id.

at 605.   The claimant argued that the commission's finding that "the intervening injury * * *

broke the causal connection between his harm and/or disability and his original work-related

injury" effectively terminated his right to participate.   The appellate court agreed and determined

that "a complete reading of the commission's order indicates that it was finalizing the allowance

or disallowance of appellant's claim."   Id. at 606.   The court explained:

> "In this case, the commission's order did not state that it was denying
> appellant benefits from a specific date and thereafter.   However, the order did
> state that the intervening accident and the resultant injury broke the causal
> connection between appellant's current harm/disability and his original
> work-related injury.
>
> * * * * The order stated that the intervening accident and the resultant
> injury broke the causal connection between appellant's current harm and/or

disability and his original work-related injury.  Consequently, the commission's order effectively forecloses appellant from receiving any further benefits under the claim he filed for the original work-related accident."

Id. at 606.

{¶ 24} We, however, believe that Greenwalt is distinguishable from the case sub judice. In Greenwalt, the order did not explicitly state that the claimant could seek future benefits, while in the case sub judice the commission expressly stated that appellant could seek future benefits under his original claim.   Here, the commission expressed a clear intent that it was not finalizing the allowance of appellant's claim.   Its finding that the intervening injury broke the chain of causation between appellant's original work-related injury and his May 2008 disability does not negate the clear expression of its intent.

{¶ 25} For this same reason, we reject appellant's argument that Thomas v. Conrad, supra, requires us to conclude that the finding that the intervening injury broke the chain of causation necessarily equates to a termination of appellant's claim.   In Thomas, the employer sought to terminate the employee's claim after the employee suffered non-work-related injuries in a dog attack.   The commission denied the employer's request to terminate the employee's claim.   The employer then sought to appeal the commission's decision.   The employer asserted that because it "framed its motion in terms of terminating the right to participate, then logically the Industrial Commission's denial of its motion constitutes an order that involves the right to continue to participate in the fund."   Id. at 478.   The Ohio Supreme Court disagreed with the employer and explained:

> "The issue that the Industrial Commission had to resolve in order to rule on [the employer]'s motion was the effect of the dog attack on Thomas's allowed injuries.   The staff hearing officer found that the subsequent injuries caused by

the dog were different from Thomas's allowed conditions * * * and that any treatment for the subsequent injuries was not to be paid by workers' compensation. Thus, the injuries from the dog attack were not sufficient to break the causal connection between Thomas's current complaints and her work-related injuries so as to end [the employer]'s responsibility for Thomas's allowed claim. There was no other change in the status of her claim. Thomas's right to participate remained undisturbed. As a result, the staff hearing officer's order involved Thomas's extent of disability, not her right to participate, that right having already been determined."

Id.

{¶ 26} In the case at bar, just as in Thomas, the commission considered the effect the shoveling incident had on appellant's allowed injuries. The commission found that appellant's shoveling injuries were different than his allowed conditions and thus denied his request for compensation for the ensuing disability. The DHO additionally found that the shoveling incident broke the chain of causation between appellant's May 2008 disability and his work-related injury, but notably, did not find that this break ended the employer's responsibility for his allowed claim. Thus, even though the DHO found a break in causation, the commission did not otherwise change the status of appellant's claim. The commission left appellant's right to participate open. Because the commission left appellant's right to participate open and did not expressly terminate it, we do not find that Thomas requires us to conclude that the finding of a break in causation means that the order necessarily and effectively terminated his right to participate.

{¶ 27} We believe that Evans, supra, supports our conclusion. In Evans, the court held that the commission's decision finalized the allowance of a claim when the order effectively terminated the claimant's right to participate in the fund. In Evans, the order stated:

" * * * It is the finding of the District Hearing Officer that the claimant suffered an intervening injury on or about 1-1-87, when he slipped and fell on ice.    * * * It is further the finding of the District Hearing Officer that the intervening injury substantially aggravated the claimant's pre-existing lumbosacral strain.   That finding is based on the apparent lack of medical treatment from 10-30-86 through 1-8-87.

**{¶ 28}** Therefore, medical bills incurred after 1-8-87 are denied."

Id. at 237.

**{¶ 29}** In explaining why the order involved the claimant's right to participate, the court explained:

"In this case, the commission did more than simply refuse to grant additional benefits for a specified time period.   The hearing officer denied both temporary total disability benefits after December 30, 1986 and 'medical bills incurred after 1-8-87.'   We understand this order to permanently foreclose Evans from receiving any further benefits under the claim he filed for the original accident that occurred at work on October 7, 1986.   This flat prohibition of any future benefits determines the claimant's right to participate in the State Insurance Fund and is subject to appeal * * *."

Id. at 240-241; accord Potter v. General Motors Corp., 3rd Dist. Defiance No. 4-04-14, 2004-Ohio-5097, ¶14 (determining that order finding that "no compensation or treatment is to be paid subsequent to 7/17/92 * * * constitutes a flat prohibition on any future recovery for the injuries suffered in the work-related accident").

**{¶ 30}** In the case sub judice, the commission did not do "more than simply refuse to grant additional benefits for a specified time period."   Instead, the commission expressly refused to grant additional benefits only for a specified time period and left the door open for appellant to seek future benefits.   Thus, unlike the order in Evans, the order in the case sub judice does not flatly prohibit appellant from seeking future benefits.   See Brown v. Ohio Bur. Of Workers' Comp., 8th Dist. Cuyahoga No. 96209, 2011-Ohio-3695, ¶17 (rejecting argument that order

finalized claim when order did not "contain any language that indicate[d] 'no need for treatment' and that would permanently bar his participation in the workers' compensation fund"); Martin v. Louisiana Pacific Corp., 113 Ohio App.3d 332, 680 N.E.2d 1078 (9th Dist.1996) (determining that the commission's decision denying the claimant's request for TTD for a specified time period involved the extent of disability and not the right to participate).

{¶ 31} We find further support for our conclusion in Hazelwood v. Meijer, Inc., 5th Dist. Richland No. 01-CA8-2 (Apr. 26, 2001). In Hazelwood, the claimant suffered a work-related back injury and subsequently received workers' compensation benefits for lumbar strain/sprain. In 1999, the claimant sought temporary total disability and payment for treatment. The DHO determined that the claimant's 1999 back problems were not causally related to the lumbar strain/sprain that was previously allowed, but instead resulted from an intervening accident. The industrial commission affirmed and stated: "It appears the claimant may have had an intervening accident on November 7, 1998, and therefore the current need for treatment does not appear related to [the] August 18, 1996 injury."

{¶ 32} The claimant appealed to the common pleas court. The court determined that the commission's decision involved the extent of the claimant's disability and, thus, it lacked jurisdiction to hear the appeal.

{¶ 33} On appeal to the Fifth District Court of Appeals, the claimant asserted that the decision finding that an intervening injury "preclude[d] payment of future benefits and makes this case an issue of right to participate, rather than extent of disability." The appellate court affirmed the trial court's decision to dismiss the matter for lack of jurisdiction. In reaching its conclusion, the court observed that the

"[Ohio] Supreme Court clearly emphasized that the only action by the Commission that is appealable is the essential decision to grant, deny or to terminate the employee's continued participation in the Workers' Compensation system, and only those decisions finalizing allowance or disallowance of the claim are appealable."

The court determined that the commission's decision

"determined only that [the claimant]'s current need for treatment was related to the intervening incident, and was not causally related to the 1996 injury. The decision did not terminate [the claimant]'s right to participate for the 1996 injury. As noted by the district hearing officer, [the claimant] did not bring forth medical evidence documenting that the 1996 injury necessitated the on-going medical treatment and lost time from work for which he was seeking reactivation of the claim, and temporary total disability compensation. However, the decision did not terminate his right to participate for the 1996 injury, or for future treatment for that injury, if he is able to medically demonstrate a causal connection. The Commission did not hold that the intervening accident terminated all right to benefits for the allowed claim."

{¶ 34} Likewise, in the case at bar the commission determined that appellant's disability was related to the intervening incident and was not causally related to his prior work-related injury. Even though the DHO determined that the intervening incident broke the chain of causation between the work-related injury and appellant's May 2008 disability, the commission did not determine that the intervening accident terminated all right to benefits for the allowed claim. Instead, the commission explicitly recognized that appellant could participate in the fund, if he established a causal relation between his work-related injury and future medical treatment or disability.

{¶ 35} Similarly, in Grant v. Ford Motor Co., 12th Dist. Clermont No. CA99-02-23 (Aug. 16, 1999), the court determined that a commission's decision that finds a lack of a causal relation between a prior work-related injury and the current medical complaint did not finalize the

claimant's right to participate in the fund.   In Grant, the claimant sought to reactivate a claim to

receive compensation for a condition not recognized in her initial claim.   The commission

determined that the claimant's treatment for the more recent condition was not causally related to

her original claim and thus denied the claim.   The court explained:

> "The staff hearing officer's order does not imply that appellant may never
> again recover for any injuries arising out of her 1991 injury.   The order neither
> states nor implies that appellant is fully healed or that appellant may never suffer
> any disability due to her earlier lower back injuries.   The staff hearing officer's
> order does not terminate appellant's right to participate in the Fund.   The order
> finds only that appellant may not recover under her 1991 claim for the cervical
> injuries she is now asserting."

{¶ 36} In the case sub judice, the commission's order likewise does not terminate

appellant's right to participate in the fund.   Instead, the commission's order recognizes that the

disability appellant suffered after shoveling at home was not causally related to his work-related

injury.   We recognize, however, that in the case at bar the DHO additionally found that the

shoveling incident broke the chain of causation between his work-related injury and his 2008

disability.   Nevertheless, the commission's order explicitly leaves appellant's claim open for

future benefits.[2]

{¶ 37} Consequently, based upon our review of the foregoing authorities, we do not

believe that the commission's order permanently forecloses appellant from participating in the

---

[2]   Assuming, arguendo, that the commission's decision is internally inconsistent, none of the parties have requested that we remand this matter to the commission to explain the apparent inconsistency.     We note, however, that the trial court remanded the matter once already for clarification and the remand orders are the subject of the present appeal.     Thus, the commission obviously was aware of the need for clarification and on remand, expressly stated that appellant was not foreclosed from seeking future benefits.

fund for his 2003 work-related injury.   The commission explicitly stated that its decision did not permanently foreclose appellant from seeking future benefits under his claim.   Instead, the decision simply denied appellant's request for compensation for a specific period of time.   The decision stated that appellant could be entitled to future benefits, provided he established a causal relation between the work-related injury and any future medical treatment or disability.   The commission's obvious intent is to leave appellant's claim open for future benefits and not to flatly prohibit appellant from seeking future benefits.   Given the commission's clear expression of its intent, we cannot conclude, based upon the circumstances present in the case at bar, that the order permanently forecloses appellant from participating in the fund for his 2003 injury.   If and when the commission determines that appellant is forever barred from participating in the fund for his 2003 claim, then appellant may appeal under R.C. 4123.512.   However, until that time, appellant may not appeal the commission's order.

{¶ 38}  Accordingly, based upon the foregoing reasons, we hereby overrule appellant's sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *Gilbrath v. Autozone, Inc.*, 2014-Ohio-2347.]
JUDGMENT ENTRY

       It is ordered that the judgment be affirmed and that appellees recover of appellant the costs herein taxed.

       The Court finds there were reasonable grounds for this appeal.

       It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

       A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

       Hoover, J.: Concurs in Judgment & Opinion
       Harsha, J.: Concurs in Judgment Only

                                   For the Court

                                   BY:_____

                         Peter B. Abele
                         Presiding Judge

**<u>NOTICE TO COUNSEL</u>**

       Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.